Paul J. Yesawich, Jr.,
J. Plaintiff, a Binghamton policeman, seeks summary judgment declaring his entitlement to salary and other statutory benefits under section 207-c of the General Municipal Law. Alternatively he seeks an order dismissing the city’s affirmative defenses and directing the defendants to pay him his regular salary and other section 207-c benefits pending the determination of this action.
Plaintiff claims he was injured on January 12, 1970 while performing his police duties. Thereafter he made a claim against the City of Binghamton for workmen’s compensation benefits, and on March 30, 1971 the Workmen’s Compensation Referee decided that the plaintiff was 50% disabled, awarded him temporary total payments, and directed payment to him of temporary reduced earnings. His compensation case has *188 been continued periodically since then to determine the extent of plaintiff’s further disability, if any. The last of the Referee’s decisions which is before this court was made on November 15, 1971. By that decision plaintiff’s temporary reduced earnings award was modified but continued until apparently May 19,1972 when the city, which is self-insured, stopped all compensation payments. In April of 1972 the plaintiff served a demand pursuant to section 207-c of the General Municipal Law upon the city for payment of the full amount of his regular salary and other benefits which he claimed had accrued since January 12, 1970. Additionally, he demanded that his full salary and benefits be continued to be paid by the city until his disability ceased. The city refused to make the demanded payments and this declaratory judgment action was thereupon commenced.
Although the city denies that the plaintiff submitted to the medical examinations and treatments suggested by the city, that denial is unsupported by any evidentiary facts and is insufficient to raise a triable fact issue, for the plaintiff’s exhibits affirmatively demonstrate that he was examined by, and submitted to all the medical treatment required by, the physicians selected by the city.
Further, since it does not appear that any application has been made to review the Referee’s decisions (see Workmen’s Compensation Law, § 23; 12 NYCRR 300.13), the city is barred from relitigating here those issues which were necessarily decided between the plaintiff and the city by the Workmen’s Compensation Referee. The city’s denial that plaintiff’s injury was job-related, and its contention that he was not disabled by reason of that injury, as well as the issue of whether he wrongfully refused to accept light duty within his post-injury capabilities, are issues which were both germane and within the jurisdiction of the Workmen’s Compensation Referee (see Matter of Mitchell v. Aluminum Co. of Amer. (23 A D 2d 605) and Matter of Sauer v. American Car & Foundry Co. (280 App. Div. 1029), and were necessarily before and decided by the Referee. (Ogino v. Black, 304 N. Y. 872; Drier v. Bandforce Amusement Corp., 14 Misc 2d 362.) Consequently the city is estopped from now relitigating those same issues, at least for the period prior to November 15, 1971, that being the date of the latest Workmen’s Compensation hearing. (Schwartz v. Public Administrator of County of Bronx, 24 N Y 2d 65; Matter of Vogts v. Bay Shore Sunrise Bowl, 32 A D 2d 604.) However plaintiff's alleged refusal to accept light duty after November 15, 1971 and the city’s claim that he has fully recovered since then, *189 raise factual issues requiring a hearing (Matter of Ford v. Burns, 28 A D 2d 1157).
The city’s contention that plaintiff is ineligible to receive full section 207-c benefits because the Referee found plaintiff’s disability to be less than total, runs counter to the remedial intent of this legislation. Further, subdivision 3 thereof implicitly recognizes that a policeman’s total disability is not a prerequisite to payment of section 207-c benefits, for by that subsection the Legislature specifically provided full pay and benefits for policemen who were capable only of performing light police duties. It does not necessarily follow from the fact that plaintiff received an award under the Workmen’s Compensation Law that he forfeited his rights under section 207-c, for these laws are not mutually exclusive. In fact, an adjustment to prevent duplicated payments is provided for in subdivision (3) of section 30 of the Workmen’s Compensation Law, and the Referee’s awareness of that provision is apparent from the following statement taken from his March 30, 1971 decision: “ Employer to receive credit for any full wages paid under Municipal Law.” The propriety of the city’s action in unilaterally discontinuing payment of plaintiff’s workmen’s compensation benefits from and after May 19, 1972 is an issue to be pursued by the parties in a workmen’s compensation hearing.
Accordingly, plaintiff’s motion for summary judgment is granted only to the extent that plaintiff is declared entitled to full section 207-c benefits from January 12,1970 until November 15,1971. The parties are directed to confer in order to schedule a hearing before me at a mutually satisfactory date and time so that evidence may be adduced to determine whether plaintiff is entitled to section 207-c benefits from and after November 16, 1971.