OPINION OF THE COURT
Leo F. Hayes, J.
The petitioner John D. Rosato is a security guard with the Oneida County Sheriff’s Department. On February 8, 1982, he got in a fracas with one of the inmates and suffered a disabling knee injury. Respondents continued to pay petitioner his regular salary as provided by section 207-c of the General Municipal Law, which provides in pertinent part: “1 * * * [A]ny member of a police force of any county, city of less than one million population, town or village, or of any district, agency, board, body or commission thereof, who is injured in the performance of his duties or who is taken sick as a result of the performance of his duties so as to necessitate medical or other unlawful remedial treatment shall be paid by the municipality by which he is employed the full amount of his regular salary or wages until his disability arising therefrom has ceased, and, in addition such municipality shall be liable for all medical treatment and hospital care necessitated by reason of such injury or illness.”
Petitioner received section 207-c benefits until October 14, 1982, when respondents, relying on an orthopedic evaluation of Dr. James C. Locke, ordered Rosato back to work. Dr. Locke, while concluding that Rosato was fit from an *857 orthopedic standpoint, suggested that a psychiatric evaluation be obtained.
Petitioner submitted such a report from Dr. D. C. Ska-mas who felt that petitioner was suffering from an emotional disability and could not return to work.
Thereafter, respondents had Rosato examined by Dr. Nathan K. Bernstein who found that petitioner was suffering from a “post traumatic stress reaction” with secondary depressive episodes, which in his opinion were related to the stress of his work and the injuries he sustained on the job.
On January 4, 1983, the New York State Workers’ Compensation Board found that petitioner had a partial emotional disability causally related to his work injury. No application has been made to review the referee’s decision and so as far as this court is concerned, it is established that the petitioner is emotionally disabled and that such disability is job related. (Rosinsky v City of Binghamton, 72 Misc 2d 187.)
-.. Respondents have discontinued petitioner’s section 207-c benefits and have placed him on leave of absence due to an ordinary disability pursuant to section 72 of the Civil Service Law. They justify such action by arguing that petitioner’s disability is psychological and not physical; also that petitioner’s is a partial and not a totally disabling condition.
As in the case of workers’ compensation, section 207-c of the General Municipal Law is predicated on an accidental injury arising out of and in the course of employment. And like the Workers’ Compensation Act, section 207-c is designed to be beneficial and remedial (see Rosinsky v City of Binghamton, supra). Job-related psychic trauma is covered by the Workers’ Compensation Act (Matter of Wolfe v Sibley, Lindsay & Curr Co., 36 NY2d 505). I see no reason why such injuries would not likewise be included within the reach of section 207-c. Counsel for the respondents has offered nothing to support his conclusion that such injuries fall outside the statute, and there is nothing in the wording of section 207-c that would suggest such a restriction.
The contention that partial disabilities are not covered by section 207-c of the General Municipal Law is belied by *858 the provision for assignment of light duties. Certainly the Legislature did not contemplate sending totally disabled persons back to work (see Rosinsky v City of Binghamton, supra, p 189).
The fact of petitioner’s emotional disability and its job relatedness have been recognized by respondents’ own consultant and by the workers’ compensation referee. The reports submitted to this court document these facts. As a result the petitioner is entitled to the benefits of section 207-c.
If respondents feel that petitioner is capable of light duties, they have the option of ordering him to perform same. In the meantime respondents are required to comply with the statute.
Accordingly, the petition is granted.