In the Matter of JOHN CURLEY, Respondent, v DONALD DILWORTH, Individually and as Police Commissioner of County of Suffolk, et al., Appellants. — In a proceeding pursuant to CPLR article 78 to (1) review a determination by appellants that petitioner is fit to return to duty as a police officer, (2) compel appellants to restore vacation time which petitioner used while he was absent from work as the alleged result of service-related injuries, and (3) restrain appellants from ordering petitioner to return to duty as a police officer, the appeal is from an order of the Supreme Court, Suffolk County (Gerard, J.), entered December 2, 1981, which, *inter alia,* granted the petition to the extent of directing that an evidentiary hearing be held before an independent (non-police department employee) hearing officer to determine the nature and extent of petitioner's disability and whether or not he is capable of performing light police duty. Leave to appeal is granted by Justice Titone. Order modified, on the law, by deleting the provision requiring a hearing to be held before an "independent" hearing officer and substituting therefor a provision that the hearing be held before a hearing officer appointed by the appellant Police Commissioner of the County of Suffolk. As so modified, order affirmed, without costs or disbursements. In this matter, the appellant Police Commissioner of the County of Suffolk has neither removed petitioner from his civil service position as a police officer, nor taken other disciplinary action against him for failure to report to work and perform light duty assigned to him. Thus, we do not agree with Special Term's determination that petitioner is entitled to an evidentiary hearing under subdivision 2 of section 75 of the Civil Service Law

as to his alleged inability to perform any police duties due to service-connected injuries. However, the record reveals that petitioner, a tenured police officer of the Suffolk County Police Department since September, 1965, was involved in three automobile accidents while on duty as a police officer resulting in injuries to his lower back. He also claims that since the accident in 1966, he intermittently lost time from work stemming from his job-related injuries. According to police records, on December 10, 1980, petitioner did not report to work due to alleged back pains, and has not worked since. During that time he has been under the care of Doctor Melvin M. Fritz, an osteopath, who has stated, *inter alia,* that petitioner is not fit for duty at the present time. However, after petitioner was examined in January, 1981, by Dr. Mueller for the Suffolk County Office of Medical Review, he was diagnosed as suffering from a mild partial disability. Doctor Mueller found that petitioner could return to work and perform light duty. However, petitioner, taking the position supported by his doctor that he was physically unable to work, continued to use his accrued vacation time. After a further examination of petitioner in March, 1981, the January, 1981 finding of Dr. Mueller to the effect that he could perform light duty was substantiated. As a result petitioner was directed to return to work on April 6, 1981, and perform light duty. His accrued vacation time expired on April 3, 1981. The record also reveals that since his absence from work, allegedly caused by back pains, commencing on December 10, 1980, petitioner was carried under the department code 301 (ordinary sick time), rather than code 401 (line-of-duty injury). Although we reject Special Term's determination that petitioner is entitled to an evidentiary hearing under section 75 of the Civil Service Law in this instance, we do believe that he should be afforded a hearing under section 207-c of the General Municipal Law. As has been stated in connection with section 207-a of the same law, a similar statute covering firemen injured in the line of duty, such sections are remedial in nature and were enacted for the benefit of firemen and policemen injured in the line of duty and should be liberally construed in their favor (cf. *Legg v Fitzmaurice,* 112 Misc 2d 283, 286). It was adopted by the Legislature in furtherance of public policy to protect policemen injured and disabled while in the performance of their duties (cf. *Pease v Colucci,* 59 AD2d 233). Since section 207-c is a remedial statute, we disagree with the contention of the appellants that before an administrative evidentiary hearing may be conducted as to a policeman's claim that he is entitled to line-of-duty benefits, he must first fail to return to duty pursuant to a superior's directive, and then be notified that as a result of such failure he will no longer be paid, suffer suspension or be removed from office. In essence, petitioner has claimed that by carrying him as a member of the police force only entitled to ordinary sick time (code 301) since December 10, 1980, rather than as a member injured in the line of duty (code 401), and compelling him to use his accrued vacation time, appellants are denying him benefits to which he is entitled under section 207-c of the General Municipal Law. Thus we hold he is entitled to a hearing with counsel participating and cross-examination of appellants' witnesses, and the presentation of his own evidence, as to the entitlement of full wages under such statute. We also are of the opinion that at such a hearing appellants may adduce evidence that even though petitioner's injuries may be job related, he is still fit to perform light duty assigned to him (see *Panico v Young,* 62 AD2d 1051, mot for lv to app den 46 NY2d 847). At the ensuing hearing, evidence may be adduced on the issues of fact as to (1) whether petitioner's present disability resulted from occupational injuries, thus normally entitling him to benefits set forth in section 207-c of the General Municipal Law, and (2) whether, despite his infirmities, he is capable of returning to work and performing light police duty as directed by his commanding officer on March

31, 1981. We also do not agree with Special Term's direction that the hearing be held before an "independent" hearing officer. Concededly a person appointed to conduct an evidentiary hearing must be fair and impartial (see *Matter of Greaney v Bahou,* 57 AD2d 646; *Matter of Gladstone v Kelley,* 52 AD2d 583). However, from our perusal of the record we have been unable to find anything which demonstrates in any way that the person eventually selected as a hearing officer, whether selected from within or outside the police department, will have prior knowledge of the events or will not be fair and impartial. Titone, J. P., Bracken, Niehoff and Rubin, JJ., concur.