In the Matter of JAMES CRAWFORD, Appellant, v SHERIFF'S DEPARTMENT, PUTNAM COUNTY, et al., Respondents.

Second Department, December 11, 1989

---

### APPEARANCES OF COUNSEL

*Schlachter & Mauro* for appellant.

*William D. Spain, Jr., County Attorney (Daniel F. Leary* of counsel), for respondents.

### OPINION OF THE COURT

Per Curiam.

The record reveals that the petitioner was hired as a Putnam County Correction Officer on April 3, 1982. On September 8, 1987, he allegedly slipped on a wet surface while on duty at the county correctional facility and injured his back. He thereupon filed a claim for workers' compensation benefits, and he further submitted to the respondents a "disability certificate" prepared by a physician which certified that he was unable to return to work. The petitioner subsequently received weekly payments from the respondents of a sum equal to his regular salary or wages. However, in a letter dated January 28, 1988, the respondents informed him that "[a]s of January 22, 1988 your payroll ceased with the Putnam County Sheriff's Department". The letter further directed the petitioner "to contact Dr. Charles Block in order that he may evaluate your present condition, and that he may report as to your ability to perform strenuous physical activities as per your job requirement". The petitioner was also informed that his position as a correction officer would be available to him in the event that he was able to return to work, provided that "the County Physician, Dr. Charles Block, must first approve your return to work".

The results of Dr. Block's examination of the petitioner were set forth in a report dated February 2, 1988. That report reviewed the history of the injury as provided by the petitioner, including the facts that he slipped and fell while responding to an emergency at the correctional facility and

experienced pain and weakness in his back and legs and numbness in the toes of his left foot. Dr. Block further observed that the petitioner had undergone back surgery in 1968 and 1980 and that he was presently receiving medication to alleviate his pain. Dr. Block offered the following opinion of the petitioner's ability to resume his work duties: "Mr. Crawford is not able to continue the duties of a Corrections Officer at this time. I also do not feel that Mr. Crawford would be able to resume his duties in the near future. In view of his past history, present problems and the possible reoccurrence *[sic]* of symptoms should any repeat incident occur, I do not believe that I could recommend that he return to full duty at any time".

It is undisputed that on March 7, 1988, the petitioner's case was heard by the Workers' Compensation Board, which subsequently rendered an award in his favor in the amount of $300 per week.

The petitioner commenced the instant proceeding on or about March 28, 1988, contending that he was entitled to receive from the respondents a sum equal to his regular salary or wages as statutory disability benefits pursuant to General Municipal Law § 207-c. He further averred that he had received such payments through January 22, 1988, when the respondents wrongfully terminated these benefits. In an affidavit in opposition, Undersheriff Philip Prinz conceded that the respondents had paid the petitioner's salary and wages for a period of approximately 4½ months from the date of injury. However, he claimed that these payments did not represent disability benefits under General Municipal Law § 207-c, but rather represented the petitioner's accrued sick leave allowance. He further averred that while the petitioner had accrued only four days of sick leave as of the date of his injury, the respondents had "inadvertently" continued to pay his full salary for about 4½ months due to an unidentified and unexplained error. Undersheriff Prinz also maintained, *inter alia,* that the instant proceeding was premature because "[u]pon information and belief, Dr. Block was not able to make a determination as to whether [the] petitioner's condition, was a result of the alleged incident of September 8, 1987", and therefore the respondents had not yet rendered a determination as to whether the petitioner was eligible to receive statutory disability benefits. The Supreme Court agreed with the latter contention and dismissed the proceeding as premature. We now reverse and direct the respondents

to pay statutory disability benefits to the petitioner, retroactive to January 22, 1988.

In our view, the petitioner has demonstrated his entitlement to statutory disability benefits as a matter of law. General Municipal Law § 207-c (1) provides in relevant part as follows: "[a]ny * * * corrections officer of the sheriff's department of any county * * * who is injured in the performance of his duties * * * so as to necessitate medical or other lawful remedial treatment shall be paid by the municipality by which he is employed the full amount of his regular salary or wages until his disability arising therefrom has ceased, and, in addition such municipality shall be liable for all medical treatment and hospital care necessitated by reason of such injury * * *. Provided, however, and notwithstanding the foregoing provisions of this section, the municipal health authorities or any physician appointed for the purpose by the municipality, after a determination has first been made that such injury * * * was incurred during, or resulted from, such performance of duty, may attend any such injured * * * [correction officer], from time to time, for the purpose of providing medical, surgical or other treatment, or for making inspections and the municipality shall not be liable for salary or wages payable to such [correction officer] * * * after such date as such health authorities or physician shall certify that such injured * * * [correction officer] has recovered and is physically able to perform his regular duties."

As we have previously noted, General Municipal Law § 207-c is a remedial statute enacted for the benefit of law enforcement personnel injured in the line of duty, and as such, is to be liberally construed in their favor (see, Matter of Curley v Dilworth, 96 AD2d 903). Turning to the instant case, we note that the petitioner, a Putnam County correction officer, is an employee who falls within the category of personnel protected by the statute. Moreover, the documents prepared by the petitioner's physician and the county's physician, as well as the fact that the petitioner was awarded workers' compensation benefits, clearly demonstrate that he sustained a substantial physical disability which prevents him from returning to work in the foreseeable future. Accordingly, the only possible impediment to his being found eligible for statutory disability benefits would be a determination that his injury was not incurred during, or did not result from, the performance of his duties (see, General Municipal Law § 207-c [1]). However, the issue of whether the petitioner's disability arose from the

performance of his work duties has already been resolved in his favor by the Workers' Compensation Board which, in rendering its award, necessarily determined that he had suffered an injury in the line of duty (see, Rosato v Hasenhauer, 120 Misc 2d 856; Rosinsky v City of Binghamton, 72 Misc 2d 187). Hence, the record establishes that the petitioner is entitled to payment of the full amount of his regular salary or wages pursuant to General Municipal Law § 207-c.

The respondents maintain that the county has not yet rendered a determination as to whether the petitioner is eligible for the statutory disability benefits (see generally, Matter of Kirley v Department of Fire, 138 AD2d 842; Matter of Schenectady County Sheriff's Benevolent Assn. v McEvoy, 124 AD2d 911). They further contend that such a determination could not be made because Dr. Block's findings as to whether the petitioner's injury is work related were inconclusive. This contention is belied by the undisputed facts in the record, which demonstrate that the county made a de facto determination that the petitioner is entitled to receive benefits under General Municipal Law § 207-c. Indeed, the respondents continued payment of the petitioner's regular salary for a period of approximately 4½ months after he sustained his injury. We reject the respondents' claim that these payments were made from the petitioner's accumulated sick leave allowance, and instead find that they were made pursuant to General Municipal Law § 207-c. In reaching this conclusion, we note that the record contains no evidence, other than the conclusory assertion of Undersheriff Prinz, demonstrating that the payments represented sick leave. Moreover, the respondents have failed to come forward with any description or explanation of the purported inadvertency whereby the petitioner received 4½ months' sick pay when in fact he had accrued only four days of sick leave allowance. Additionally, we find patently disingenuous the respondents' contention that Dr. Block's findings were inconclusive with regard to whether the petitioner's injury is work related. The respondents' January 28, 1988 letter to the petitioner and Dr. Block's examination report establish that the physical examination was never intended as a means of determining whether the petitioner's injury arose from the performance of his work duties. Rather, the sole purpose of the examination was to ascertain the extent and probable duration of the petitioner's

disability so that Dr. Block could render an opinion as to whether the petitioner was able to return to work. Under the statute, such a limited physical inspection by the physician for the municipality is to be conducted only *"after* a determination has *first* been made that such injury * * * was incurred during, or resulted from, such performance of duty" (General Municipal Law § 207-c [1] [emphasis supplied]). Accordingly, the continued payment of the petitioner's regular salary for approximately 4½ months after his injury, and the direction that he submit to a physical examination for the purpose of determining whether he was able to return to work, lead us to conclude that the county rendered a de facto determination that he was entitled to receive statutory disability benefits and that the payments he received were made pursuant to General Municipal Law § 207-c. We further note in this regard that the respondents test the limits of good faith in suggesting that the petitioner's injury resulted from his history of back trouble rather than from the fall he sustained while on duty, especially in view of the facts that the respondents hired him with full knowledge of his medical history and that he performed his work duties without incident for almost 5½ years.

Inasmuch as we conclude that the petitioner has demonstrated his entitlement to benefits under General Municipal Law § 207-c as a matter of law, and that the respondents in fact paid him such benefits until January 22, 1988, the termination of benefits without a hearing was improper *(see, e.g., Matter of Dacey v County of Dutchess,* 121 AD2d 536; *Matter of Hodella v Chief of Police of Town of Greenburgh,* 73 AD2d 967; *see also, Matter of Curley v Dilworth,* 96 AD2d 903, *supra).* Hence, the petitioner is entitled to the payment of such benefits retroactive to the date of their wrongful termination.

Finally, the respondents' contention that the petition was improperly verified by the petitioner's attorney is without merit. Such verification is expressly authorized by CPLR 3020 (d) (3) where a party is not in the county where the attorney has his office *(see, Matter of Giambra v Commissioner of Motor Vehicles of State of N. Y.,* 46 NY2d 743).

Accordingly, the judgment appealed from is reversed and the respondents are directed to pay the petitioner statutory disability benefits retroactive to January 22, 1988.

MOLLEN, P. J., BROWN, RUBIN and SULLIVAN, JJ., concur.

Ordered that the judgment is reversed, on the law, with costs, the petition is granted, the respondents' determination is annulled, and the respondents are directed to commence paying to the petitioner a sum equal to his regular salary or wages pursuant to General Municipal Law § 207-c, said payments to be retroactive to January 22, 1988.