■ In the Matter of CLEMENT MARESCO, Petitioner, v SAMUEL ROZZI, as Commissioner of the Police Department of the County of Nassau, et al., Respondents.—Proceeding pursuant to CPLR article 78 to review a determination of the Commissioner of the Nassau County Police Department, dated September 19, 1988, which, after a hearing, denied the petitioner benefits pursuant to General Municipal Law § 207-c.

Adjudged that the petition is granted, on the law, with costs, to the extent that the determination that the petitioner's injuries were not suffered in the performance of his duties is annulled, the proceeding is otherwise dismissed, and the matter is remitted to the respondents for the determination of the extent of the petitioner's disability.

The record reveals that the petitioner, a member of the Nassau County Police Department, was injured on February 4, 1987, when he slipped on a wet surface while on duty at the

Department's Fourth Precinct station house. At the time, the petitioner was restricted to light duty, having suffered a previous line-of-duty accident in January 1982. On February 18, 1987, the petitioner's claim for statutory benefits pursuant to General Municipal Law § 207-c was denied on the basis that, at the time of his accident, the petitioner had been attending to personal needs in the station house lavatory, and that therefore, the accident had not occurred in the line of duty. On March 2, 1988, the petitioner's case was heard by the Workers' Compensation Board, which subsequently issued an award in his favor in the amount of $300 per week. In the meantime, the petitioner requested a hearing on the denial of his statutory benefits. Upon the conclusion of that hearing, the respondents informed the petitioner by letter dated September 19, 1988, that he would be denied benefits pursuant to General Municipal Law § 207-c because his injury had not been suffered in the line of duty.

The only material issue in dispute is whether or not the petitioner's injuries were incurred in the performance of his duties (General Municipal Law § 207-c [1]). This issue was necessarily resolved in the petitioner's favor by the Workers' Compensation Board in rendering its award (see, Matter of Crawford v Sheriff's Dept., 152 AD2d 382). Kunzeman, J. P., Harwood, Balletta and O'Brien, JJ., concur.