■ DAVID MILLER, Appellant, v CITY OF POUGHKEEPSIE, Respondent.—Mercure, J. Appeal (transferred to this court by order of the Appellate Division, Second Department) from an order of the Supreme Court (Jiudice, J.), entered June 4, 1991 in Dutchess County, which, *inter alia,* granted defendant's motion to dismiss the complaint for failure to state a cause of action.

General Municipal Law § 207-c (1) provides that: "[A]ny member of a police force of any * * * city of less than one million population * * * who is injured in the performance of his duties or who is taken sick as a result of the performance of his duties *so as to necessitate medical or other lawful remedial treatment* shall be paid by the municipality by which he is employed the full amount of his regular salary * * *, and, *in addition, such municipality shall be liable for all medical treatment and hospital care necessitated by reason of such injury or illness"* (emphasis supplied). In this case plaintiff, a licensed psychologist, sought payment from defendant for professional services rendered to a police officer employed by defendant, alleging that the treatment was necessitated by injuries sustained in the course of the officer's employment. Upon defendant's refusal to pay, plaintiff commenced this

action to recover the amount of his outstanding bill. Defendant moved to dismiss the complaint upon the ground that services rendered by a psychologist do not constitute "medical treatment" within the purview of General Municipal Law § 207-c. Supreme Court granted the motion and plaintiff appeals.

Initially, it is our view that Supreme Court erred in equating the term "medical treatment" with the practice of the profession of medicine (see, Education Law § 6521), restricted by statute to licensed physicians (see, Education Law § 6522) holding the degree of doctor of medicine (M.D.) or doctor of osteopathy (D.O.) or the equivalent (see, Education Law § 6524 [2]). In construing an insurance policy which provided coverage for "medical services", the Court of Appeals addressed this very issue and rejected as "specious" the position adopted by Supreme Court in this case (see, Moore v Metropolitan Life Ins. Co., 33 NY2d 304, 312), holding that "[i]t is error to equate the 'practice of medicine' (Education Law, § 6521), which is restricted to licensed physicians with the furnishing of 'medical services' which obviously may be performed by any of a number of professionals or paramedical personnel" (supra, at 313). Here, there is even less justification for Supreme Court's determination in view of the fact that General Municipal Law § 207-c is a "remedial statute enacted for the benefit of law enforcement personnel injured in the line of duty, and as such, is to be liberally construed in their favor" (Matter of Crawford v Sheriff's Dept., 152 AD2d 382, 385, lv denied 76 NY2d 704; see, McKinney's Cons Laws of NY, Book 1, Statutes § 321).

Moreover, even if the words "medical treatment" could be equated with the practice of medicine, it is our view that Supreme Court also erred in isolating the words from the language of the statute as a whole and in failing to consider the general spirit and purpose underlying the statute's enactment (see, McKinney's Cons Laws of NY, Book 1, Statutes §§ 96, 97). It simply makes no sense to provide coverage to police officers whose injuries required "medical or other lawful remedial treatment" and then limit benefits to payment for treatment by licensed physicians. We conclude that, in view of the liberal construction to be given the statute and its coverage for injuries requiring "medical or other lawful remedial treatment", treatment by a licensed psychologist is covered by the provisions of General Municipal Law § 207-c if it is necessitated by reason of an injury incurred in the performance of

a police officer's duties. Accordingly, defendant's motion to dismiss the complaint should have been denied.

Mikoll, J. P., Yesawich Jr., Crew III and Casey, JJ., concur. Ordered that the order is modified, on the law, with costs to plaintiff, by reversing so much thereof as granted defendant's motion to dismiss the complaint; said motion denied; and, as so modified, affirmed.