■ In the Matter of WAYNE FEDORCZAK et al., Respondents, v JOHN M. DOLCE, as Public Safety Commissioner of the City of White Plains, et al., Appellants. [609 NYS2d 292] —In a proceeding pursuant to CPLR article 78 to review determinations by the respondents dated April 29, 1991, and May 29, 1991, respectively, which allocated time lost as a result of the petitioners' injuries to sick leave, thereby denying them benefits under General Municipal Law § 207-a, the appeal is from a judgment of the Supreme Court, Westchester County (Rosato, J.), entered May 22, 1992, which annulled the determinations and directed the appellants to provide the petitioners with such benefits as may be due under General Municipal Law § 207-a.

Ordered that the judgment is affirmed, with costs.

The petitioners are firefighters employed by the City of White Plains who claim they were injured in the performance of their duties. The Commissioner of Public Safety of the City of White Plains determined that any time lost as a result of those injuries should be allocated to sick leave, and consequently denied the petitioners benefits pursuant to General Municipal Law § 207-a. The Supreme Court found that the issue as to whether the firefighters were injured in the course of performance of their duties was necessarily decided by the ruling of the Workers' Compensation Board which rendered awards in favor of the firefighters. Therefore, the court an-

nulled the determinations and directed the appellants to calculate the petitioners' benefits in accordance with General Municipal Law § 207-a.

We have previously found that law enforcement personnel are entitled to benefits pursuant to General Municipal Law § 207-c based on determinations made in Workers' Compensation proceedings (see, Matter of Maresco v Rozzi, 162 AD2d 534; Matter of Crawford v Sheriff's Dept., 152 AD2d 382). General Municipal Law § 207-c, applicable to law enforcement personnel, is a counterpart to General Municipal Law § 207-a. Both statutes are remedial in nature and were enacted for the benefit of law enforcement personnel and firefighters injured and disabled while in the performance of their duties (see, Matter of Curley v Dilworth, 96 AD2d 903; Pease v Colucci, 59 AD2d 233). Therefore, our reasoning in Maresco and Crawford is equally applicable to this proceeding. Here, as in those cases, the issue as to whether the petitioners' injuries occurred in the performance of their duties was necessarily decided in their favor by the Workers' Compensation Board.

Furthermore, we also find the respondents' determination to be arbitrary and capricious (see, Matter of Pell v Board of Educ., 34 NY2d 222). The facts established that the petitioners were injured in the performance of their duties and were therefore entitled to benefits pursuant to General Municipal Law § 207-a. Bracken, J. P., O'Brien, Pizzuto and Altman, JJ., concur.