■ In the Matter of FRANCIS J. DE JOHN, Appellant, v TOWN OF FRANKFORT, Respondent. [619 NYS2d 229] —Judgment unanimously reversed on the law with costs and petition granted. Memorandum: Petitioner commenced this CPLR article 78 proceeding, seeking to compel his employer, the Town of Frankfort (respondent), to provide salary and other benefits pursuant to General Municipal Law § 207-c retroactive to the date of his injury. Respondent opposed that relief, essentially contending that it has not determined that petitioner was disabled, and thus, that the proceeding was premature. Supreme Court dismissed the petition "with prejudice." We reverse.

Respondent admits that petitioner was injured during the performance of his official duties and acknowledges that petitioner received Workers' Compensation benefits from December 5, 1991, the date of the accident, through July 29, 1993. Under the circumstances, respondent is bound by those compensation determinations that have not been appealed and is obligated to pay disability benefits pursuant to General Municipal Law § 207-c retroactive to the date of the accident (see, Matter of Maresco v Rozzi, 162 AD2d 534, 535; Matter of Crawford v Sheriff's Dept., 152 AD2d 382, 385-386, lv denied 76 NY2d 704; Rosinsky v City of Binghamton, 72 Misc 2d 187, 188-189). Respondent may proceed pursuant to section 207-c to determine whether petitioner continues to be disabled and whether he can return to light duty work (see, Matter of

*Crawford v Sheriff's Dept., supra,* at 386-387; *Rosato v Hasen-hauer,* 120 Misc 2d 856), but until respondent makes that determination, petitioner is entitled to section 207-c benefits.

Respondent's compensation insurer, within the context of the workers' compensation proceedings, has asserted that, because petitioner was not lawfully employed as a police officer pursuant to the Civil Service Law, it is not obligated to provide compensation benefits to petitioner. The Workers' Compensation Board has not decided that issue, having remitted the matter for further proof. Respondent has not, however, challenged petitioner's status as a police officer in this article 78 proceeding. Thus, the lack of a final determination concerning the insurer's obligation does not affect petitioner's right to the relief sought in this proceeding. Further, by failing to assert the Statute of Limitations as a defense or objection in point of law in its answer, respondent waived that defense *(see, Matter of Hans v Burns,* 48 AD2d 947). (Appeal from Judgment of Supreme Court, Herkimer County, Tenney, J.— Article 78.) Present—Green, J. P., Balio, Wesley, Callahan and Boehm, JJ.