■ In the Matter of CHARLES LAUDICO et al., Appellants, v FREDERICK NETZEL, as Superintendent of Erie County Correctional Facility, et al., Respondents. [679 NYS2d 487] —Judgment unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Petitioners commenced this combined CPLR article 78 proceeding and declaratory judgment action seeking,

*inter alia,* a declaration that respondents' refusal to pay General Municipal Law § 207-c benefits to correction officers injured while on duty, other than "as a direct result of contact with an inmate", is arbitrary and capricious, an abuse of discretion and violative of law. Petitioners sought General Municipal Law § 207-c benefits retroactive to the date of their respective injuries.

Supreme Court erred in denying the petition in its entirety. General Municipal Law § 207-c provides for the payment of full regular salary or wages to certain law enforcement officers, including correction officers at the Erie County Correctional Facility, injured in the performance of their duties or taken sick as a result of the performance of their duties "so as to necessitate medical or other lawful remedial treatment" (General Municipal Law § 207-c [1]). Nothing in the statute states that benefits were intended to apply only to those injured by an inmate, and thus neither respondents nor the court may add a limitation that does not exist (*see, Matter of Erie County Agric. Socy. v Cluchey,* 40 NY2d 194, 200, citing *McCluskey v Cromwell,* 11 NY 593, 601; *Matter of Patrolmen's Benevolent Assn. v City of Buffalo,* 50 AD2d 101, 104).

Respondents acknowledge that they sought to amend General Municipal Law § 207-c because the provision covered "any" type of injury, and an amendment restricting the section to apply only to injuries sustained in confrontations with inmates would result in fiscal savings. Although the Erie County Correctional Facility as an administrative agency has power to promulgate rules to further the implementation of the law as it exists, it has " 'no authority to create a rule out of harmony with the statute' " (*Finger Lakes Racing Assn. v New York State Racing & Wagering Bd.,* 45 NY2d 471, 480). Respondents, by proposing a substantive change to the statute, recognized that their policy of limiting General Municipal Law § 207-c benefits to those injured by an inmate is in conflict with the existing statute.

Petitioners William Page and Thomas Evertt are entitled to disability benefits pursuant to General Municipal Law § 207-c, retroactive to the date of the accident. Those petitioners were awarded benefits by the Workers' Compensation Board (Board), and respondents, who did not appeal those determinations, are bound by them (*see, Matter of De John v Town of Frankfort,* 209 AD2d 938; *Matter of Maresco v Rozzi,* 162 AD2d 534, 535; *Matter of Crawford v Sheriff's Dept.,* 152 AD2d 382, 385-386, *lv denied* 76 NY2d 704). Respondents "may proceed pursuant to section 207-c to determine whether petitioner[s] continue[ ] to

be disabled and whether [they] can return to light duty work", but petitioners are entitled to section 207-c benefits until respondents make that determination (*Matter of De John v Town of Frankfort, supra,* at 938).

With respect to petitioner Charles Laudico, however, the Board denied his claim based upon the lack of prima facie medical evidence to support it. The Board made no determination whether the purported injury was work-related. We conclude that the denial of General Municipal Law § 207-c benefits to Laudico is not arbitrary and capricious, an abuse of discretion or violative of law; respondents properly determined that his injury was not work-related and properly denied his section 207-c benefits on that ground.

Thus, we modify the judgment by granting in part the petition, granting judgment in favor of petitioners declaring that respondents' implementation of a policy restricting General Municipal Law § 207-c benefits to only work-related injuries "directly resulting from an inmate" is arbitrary and capricious, an abuse of discretion, in excess of respondents' jurisdiction and violative of law, and directing respondents to provide General Municipal Law § 207-c benefits to Page and Evertt retroactive to the date of their respective injuries. (Appeal from Judgment of Supreme Court, Erie County, Whelan, J.—CPLR art 78.) Present—Pine, J. P., Lawton, Hayes, Callahan and Fallon, JJ.