■ In the Matter of GREGORY BALCERAK, Respondent, v COUNTY OF NASSAU, Appellant. [684 NYS2d 565] —In a proceeding pursuant to CPLR article 78, *inter alia,* to review a determination of the respondent County of Nassau which denied the petitioner's application for benefits under General Municipal Law § 207-c, the County of Nassau appeals, as limited by its brief, from so much of a judgment of the Supreme Court, Nassau County (Lockman, J.), dated December 15, 1997, as granted renewal, and, upon renewal, granted the petition to the extent of directing the respondent to pay General Municipal Law § 207-c benefits retroactive to June 14, 1996, credit the petitioner for leave entitlements he used and would have earned, and reimburse him for all health insurance premiums he incurred that should have been paid by the respondent.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

The petitioner, a correction officer, was injured in an automobile accident after completing a special assignment at North Shore University Hospital and was awarded Workers' Compensation benefits. The appellant, however, subsequently denied the petitioner's application for benefits pursuant to General Municipal Law § 207-c on the ground that he was not

injured in the performance of his duties (*see,* General Municipal Law § 207-c [1]).

The Supreme Court properly granted the petition and directed payment of the statutory benefits. The court correctly concluded that the appellant was bound by the prior decision of the Workers' Compensation Board, which necessarily determined that the petitioner's injuries occurred while performing his duties (*see, Matter of De John v Town of Frankfort,* 209 AD2d 938; *Matter of Fedorczak v Dolce,* 202 AD2d 668; *Matter of Maresco v Rozzi,* 162 AD2d 534; *Matter of Crawford v Sheriff's Dept.,* 152 AD2d 382). Santucci, J. P., Joy, Altman and Luciano, JJ., concur.