OPINION OF THE COURT
W. Patrick Falvey, J.
Plaintiff commenced this action seeking General Municipal Law § 207-c benefits to which, he alleges, he is entitled. Plaintiff was employed as a police officer by the defendant for *191 13 years, commencing July 31, 1980. He sought and obtained disability retirement commencing October 1, 1993.
Plaintiff demands $25,000 in damages representing General Municipal Law § 207-c wages and medical insurance coverage for the period from March 18, 1993 through October 1, 1993, as well as medical insurance coverage from October 1, 1993 onward.
Defendant in its answer makes general denials and seeks dismissal of the plaintiff’s complaint, with costs and disbursements.
When the matter came on for trial, the parties stipulated in writing that there are no questions of fact but only questions of law for the court to determine. Said stipulation is incorporated herein by reference and the court finds the facts as stated in the stipulation and exhibits attached thereto.
The court must determine in the first instance whether the defendant’s injuries were related to his service as a police officer, within the purview of General Municipal Law § 207-c. The court concludes that the injuries were not service related and judgment should be for the defendant.
The record is clear that the plaintiff’s injuries were not physical, but mental in that he suffered from depression. The cause of his depression, as presented to the Workers’ Compensation Law Judge, was a string of work-related factors and a 30-day suspension that was imposed upon him due to an insubordination investigation commenced against him. The facts show that a written reprimand was placed in the plaintiff’s personnel file as a result of that investigation.
The Workers’ Compensation Law Judge held that the plaintiff’s claim for workers’ compensation benefits was barred by section 2 (7) of the Workers’ Compensation Law. This decision was affirmed by the Workers’ Compensation Board Panel.
The defendant, in its memorandum of law, argues that the workers’ compensation decision is binding and resolves the issue of whether the injury was work related under General Municipal Law § 207-c in its favor. The court concludes that defendant’s argument is correct.
In Matter of Crawford v Sheriff’s Dept. (152 AD2d 382, lv denied 76 NY2d 704), the Court held that the issue of whether petitioner’s disability arose from the performance of his work duties had already been resolved in his favor by the Workers’ Compensation Board which necessarily determined that he had suffered an injury in the line of duty. (See also, Rosinsky v City of Binghamton, 72 Misc 2d 187.)
*192 The court notes that Workers’ Compensation Law § 2 (7) specifically omits from its definition of injury in the course of employment “an injury which is solely mental and is based on work[-] related stress if such mental injury is a direct consequence of a lawful personnel decision involving a disciplinary action, work evaluation, job transfer, demotion, or termination taken in good faith by the employer.” While the General Municipal Law nowhere defines injury in the course of employment, the court finds no case law to support plaintiff’s position that a police officer’s depression following a legitimate disciplinary action taken against him by his employer is compensable under General Municipal Law § 207-c. Thus the court concludes that compensation for such an injury is beyond the intent of said section.
Furthermore, the fact that the plaintiff has obtained a disability retirement does not affect this conclusion. In this regard, the court notes that a determination by the State Comptroller that an employee is entitled to disability retirement benefits does not mandate that an employer pay General Municipal Law § 207-a benefits to a fireman. (Matter of Barson, 177 AD2d 21.) Therefore, by similar analysis, this court reaches the same conclusion in regard to General Municipal Law § 207-c benefits to a police officer on disability retirement.
Based on the foregoing, judgment is granted to the defendant. And the plaintiff should also repay any fringe benefits mistakenly paid to him as more specifically set forth in exhibit C of the parties’ stipulation.