■ In the Matter of the Arbitration between Cohoes Police Officers Union, Local 756, Counsel 82, AFSCME AFL-CIO, on Behalf of Kenneth Westfall, Appellant, and City of Cohoes et al., Respondents. [692 NYS2d 796] —Carpinello, J. Appeal from an order of the Supreme Court (Hughes, J.), entered October 29, 1998 in Albany County, which denied petitioner's application pursuant to CPLR 7511 to vacate an arbitration award.

Kenneth Westfall, a Police Lieutenant employed by respondents, filed an application for General Municipal Law § 207-c benefits for work absences in March 1997 and June 1997. During these absences, Westfall suffered from stress and depression as a result of conflicts with a supervisor. Following denial of the application on the ground that petitioner did not suffer from an injury sustained in the performance of police duties, Westfall demanded arbitration of the matter pursuant to a collective bargaining agreement between petitioner and respondent City of Cohoes. The precise issue submitted to the arbitrator, pursuant to a stipulation between the parties, was whether Westfall "[s]hould * * * receive [General Municipal Law § ] 207-c benefits for [his] illness".

At a hearing that ensued, each of the four medical professionals who examined Westfall (three physicians and a clinical psychologist) agreed that he suffered from depression, but that this illness was not caused by actual police duties but, rather, from an interpersonal conflict with a superior. Drawing on the uniqueness of the hazards faced by police officers, the arbitra-

tor found that Westfall's illness, although job related, was not a result of the performance of his police duties and therefore not the type of illness encompassed under the statute (*see,* General Municipal Law § 207-c [1]). Thus, the arbitrator answered the stipulated question in the negative, concluding that Westfall "should not receive [General Municipal Law §] 207-c benefits" for his illness. Petitioner's CPLR article 75 proceeding to vacate the award upon the ground that it was irrational and violative of public policy was dismissed by Supreme Court.

The grounds upon which a court may vacate an arbitration award are limited. As noted by the Court of Appeals in *Matter of Town of Callicoon (Civil Serv. Empls. Assn., Town of Callicoon Unit)* (70 NY2d 907, 909), an arbitration "award may not be vacated unless it is violative of a strong public policy, is totally irrational or clearly exceeds a specifically enumerated limitation on the arbitrator's power". Moreover, "[t]he power of the courts to intervene is even more restricted when the arbitrator's interpretation resolves the question submitted, and not merely one aspect of the dispute" (*Matter of County of Rockland Dept. of Social Servs. v Rockland County Unit, Local 844, Civ. Serv. Empls. Assn.*, 140 AD2d 441, 442). Although the arbitrator's interpretation of the statute may have been erroneous or inconsistent with seemingly relevant decisional authority (*see, e.g., Matter of Maresco v Rozzi*, 162 AD2d 534; *Fasanaro v County of Rockland*, 166 Misc 2d 152, *affd* 237 AD2d 436, *lv dismissed* 90 NY2d 913), given the standard by which we review arbitration, we are unable to conclude that the arbitration award denying General Municipal Law § 207-c benefits under these circumstance was totally irrational (*see, Matter of Town of Haverstraw [Rockland County Patrolmen's Benevolent Assn.]*, 65 NY2d 677). To this end, we note that an arbitrator is not bound by principles of substantive law and may do justice as he or she sees fit, applying his or her own sense of law and equity to the facts of the subject dispute (*see, Matter of Silverman [Benmor Coats]*, 61 NY2d 299, 308; *Matter of City of Saratoga Springs [Local 343, I.A.F.F., AFL-CIO, Saratoga Springs Fire Fighter's Union]*, 111 AD2d 1074, 1076).

Nor are we persuaded that the award violates strong public policy. The Court of Appeals has repeatedly cautioned that the public policy exception is narrow (*see, e.g., Matter of Professional, Clerical, Tech. Empls. Assn. [Buffalo Bd. of Educ.]*, 90 NY2d 364, 372), and an award may be set aside on this ground "[o]nly when the award contravenes a strong public policy, almost invariably involving an important constitutional or

statutory duty or responsibility" (*Matter of Port Jefferson Sta. Teachers Assn. v Brookhaven-Comsewogue Union Free School Dist.*, 45 NY2d 898, 899; *see, Matter of New York State Law Enforcement Officers Union, Council 82, AFSCME, AFL-CIO [State of New York]*, 255 AD2d 54). Before a court may intervene with an arbitration award on policy grounds, it "must be able to examine an arbitration agreement or an award on its face, without engaging in extended factfinding or legal analysis, and conclude that public policy precludes its enforcement" (*Matter of Sprinzen [Nomberg]*, 46 NY2d 623, 631). The arbitrator's award does not satisfy this rigorous standard. Although it may be at odds with some decisional authority (*see, e.g., Matter of Maresco v Rozzi, supra*), we are nevertheless restrained from vacating it in the absence of any strong public policy issue (*see, e.g., Matter of Leombruno [City of Glens Falls]*, 110 AD2d 996, 998, *lv denied* 65 NY2d 609). Having found no basis upon which to intrude upon the province of the arbitrator, we must affirm the order denying petitioner's application to vacate the award.

Mikoll, J. P., Crew III, Yesawich Jr. and Peters, JJ., concur. Ordered that the order is affirmed, without costs.