OPINION OF THE COURT
Daniel Martin, J.
Petitioners’ application for an order and judgment of the *724 court pursuant to CPLR 7803 (3) which finds that the determinations of the respondents set forth in various letters mailed to the petitioners which informed the petitioners that they were not entitled to certain benefits as afforded by General Municipal Law § 207-c are arbitrary and capricious, an abuse of discretion or affected by error of law is hereby decided as follows:
Pursuant to General Municipal Law § 207-c, a correction officer of the Sheriff’s Department of a county who is injured “in the performance of his duties * * * so as to necessitate medical or other lawful remedial treatment shall be paid by the municipality by which he is employed the full amount of his regular salary or wages until his disability arising therefrom has ceased, and, in addition such municipality shall be liable for all medical treatment and hospital care necessitated by reason of such injury or illness.” (General Municipal Law § 207-c [1] [emphasis added].)
During the times relevant to the instant proceeding, petitioners Denise M. Theroux, Brian P. Sullivan, Patrick T. Guiheen and William R. Drake were all employed as correction corporals by respondent Nassau County Sheriff’s Department. Petitioner Walter M. Krute was employed as a correction officer by the Nassau County Sheriff’s Department. Apparently, there is no dispute that the petitioners suffered the following injuries under the following circumstances:
(1) Denise M. Theroux injured her right shoulder on May 11, 2000 when a door was opened into her shoulder while supervising inmates’ cleaning of a hallway at the Nassau County Jail.
(2) Patrick T. Guiheen injured his left eye after accidentally walking into the corner of a television set hanging from a ceiling while conducting an inmate count.
(3) William R. Drake injured his left shoulder and neck when, while he was in the process of making a log entry, the chair in which he was sitting broke and collapsed under him.
(4) Brian P. Sullivan injured his left ankle when he slipped off the edge of a sidewalk in front of building 832 at the Nassau County Jail while entering the jail to commence a work shift.
(5) Walter M. Krute suffered an injury to his lower back while opening a kitchen door to enable inmates to enter the kitchen at the facility at which he was employed.
The petitioners were allegedly incapacitated as a result of these injuries and filed accident reports with the respondents. *725 The petitioners were all allegedly treated by health care professionals for their disabilities and filed the reports and diagnostic test results with the Workers’ Compensation Board and served copies of same on respondents. Petitioners allege that they became eligible for the benefits provided in General Municipal Law § 207-c (1). Respondent Nassau County Sheriffs Department sent letters to each of the petitioners at various dates informing them that they did not qualify for the benefits for the reason more completely discussed below.
The petitioners brought the instant special proceeding pursuant to CPLR 7803 (3) for a determination by the court that the determination of the Nassau County Sheriff was arbitrary and capricious, an abuse of discretion and affected by error of law. Respondents have answered and opposed the petition. Respondents’ principal opposition to the petition takes the form of an affidavit of a Peter C. Dudek, an investigator sergeant of the department.
Sergeant Dudek stated that he was and is responsible for reviewing all of the applications under General Municipal Law § 207-c and recommended to the Sheriff, the respondent herein, whether to grant or deny such applications. The sergeant stated that the Sheriff concurred with his recommendation in these five cases and presumably based thereon sent the letters in question. The sergeant further states that he had spoken with his attorneys who had informed him that “eligibility for GML §207-c benefits is based upon a standard which considers whether the injuries have occurred as a direct result of the dangerous duties faced by a Corrections Officer.” He then relates how each of the petitioners’ cases were applied to that standard and found lacking. He went further in the case of Officer Sullivan and commented that in that case the officer was injured in the parking lot while going to report to work and before he commenced his tour of duty. He reminds the court that all of the petitioners, including Officer Sullivan, would be entitled to workers’ compensation benefits.
The issue is thus framed rather clearly. The question raised is whether the standard applied pursuant to an attorney’s recommendation based upon the dicta of the case Matter of Balcerak v County of Nassau (94 NY2d 253 [1999]) is a proper one and therefore not arbitrary and capricious, an abuse of discretion or affected by an error of law. This court finds in the negative with regard to petitioners Theroux, Guiheen, Drake and Krute.
In determining whether an administrative determination is “arbitrary and capricious,” the court must consider whether *726 the determination is made “without sound basis in reason and is generally taken without regard to the facts.” (Matter of Pell v Board of Educ., 34 NY2d 222, 231 [1974].) The question to be determined by the reviewing court is whether the administrative determination has a “rational basis.” (Matter of Pell v Board of Educ., supra, at 231.)
In order to find that the administrative determination is affected by error of law, the reviewing court must conclude that the determination has no “warrant in the record” and no “reasonable basis in law.” (Matter of Howard v Wyman, 28 NY2d 434, 438 [1971]; Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C7803:l.)
The court rejects respondents’ position that the petition should be dismissed based on the holding of the Court of Appeals in Matter of Balcerak v County of Nassau (94 NY2d 253 [1999], supra). In Balcerak the Court of Appeals held that an employer is not collaterally estopped from denying benefits under section 207-c because an employee has been found to be eligible for workers’ compensation benefits. The Court did not, as respondents claim, hold that petitioners would only be eligible for section 207-c benefits where they were injured as a result of the dangerous duties encountered by a correction officer. The language used by the respondent from the decision of the Court of Appeals was proffered by that Court for the purpose of discussing the differences between the broader workers’ compensation benefits and the more generous General Municipal Law benefits to explain why the employer should not be collaterally estopped from denying section 207-c benefits where the employee had been granted the workers’ compensation benefits. The effect of the Court’s decision was to overrule a standard established by the various Appellate Divisions that a finding of eligibility under the Workers’ Compensation Law was collateral estoppel to such a review under General Municipal Law § 207-c. It worked nothing more than to reverse holdings such as Matter of Maresco v Rozzi (162 AD2d 534 [2d Dept 1990]) wherein the then Nassau County Attorney Robert Schmidt correctly argued against the concept of collateral estoppel in those circumstances.
In fact it is the court’s opinion that the respondent not only relies upon dicta but also misconstrues that dicta. The words “in the performance of special work related to the nature of heightened risk and duties” (Balcerak, supra, at 259) were used to differentiate a particular group of municipal employees, i.e., police and correction officers, et al., from the rest of *727 that group and not to establish a heightened level of work within the particular group to qualify for section 207-c benefits. This court believes that the Court did not hold that the employee had to suffer his or her injuries as a result of the dangerous aspects of his or her job but merely emphasized that police officers and correction officers had employment that was inherently special because of heightened risk and duties.
General Municipal Law § 207-c (1) reads that any correction officer, among certain other municipal employees, is eligible for the benefits “who is injured in the performance of his duties or who is taken sick as a result of the performance of his duties” (emphasis added). General Municipal Law § 207-c is “remedial in nature” and should be liberally construed in the employee’s favor. (Matter of Curley v Dilworth, 96 AD2d 903, 904 [2d Dept 1983].)
“Courts should not * * * add restrictions or limitations where none exist, nor should they interpret what has no need of interpretation. When words [in a statute] have a definite and precise meaning, courts should not go elsewhere in search of conjecture so as to restrict or extend that meaning (McCluskey v Cromwell, 11 NY 593, 601).” (Matter of Erie County Agric. Socy. v Cluchey, 40 NY2d 194, 200 [1976].) In the instant matter, the words in General Municipal Law § 207-c are precise and definite enough so that the court shall not further read into them any interpretation that in order to be eligible for the subject benefits petitioners must be engaged in any activities in their employment which are inherently dangerous. (See, eg., Matter of Laudico v Netzel, 254 AD2d 811 [4th Dept 1998].)
There is no dispute that four of the petitioners were injured while performing their duties as correction officers. With respect to Officer Sullivan, respondent properly raises that issue. Accordingly, it is the holding of the court that the determinations of respondent Edward Reilly, in his capacity as Nassau County Sheriff, as it required petitioners to have been injured in the performance of work related to some heightened risk as opposed to in the regular performance of their duties, was affected by error of law with respect to Officers Theroux, Guiheen, Drake and Krute.
Accordingly, the determinations of respondents that Officers Theroux, Guiheen, Drake and Krute were ineligible for benefits pursuant to General Municipal Law § 207-c, which determinations were contained in letters mailed to the petitioners on June 2, 2000, June 16, 2000, May 17, 2000 and June 16, 2000, respectively, are hereby declared null and void. It is further *728 hereby ordered that petitioners Theroux, Guiheen, Drake and Krute are hereby declared eligible for benefits pursuant to General Municipal Law § 207-c based on their respective applications for same.
With regard to Officer Sullivan, it is the court’s holding that respondents’ determination was not arbitrary and capricious. As set forth above, a correction officer is entitled to section 207-c benefits where the officer is injured “in the performance of his duties.” Officer Sullivan was injured while walking from one post to another. Officer Sullivan was leaving one post at the end of a shift which ran from 6:00 a.m. to 2:30 p.m. and he was reporting to another shift which ran from 2:00 p.m. to 10:30 p.m. He argues that he was working on the shift that was to end at 2:30 p.m. and thus in the performance of his duties when he left that shift to report to the other work. Officer Sullivan left the first post at around 2:00 p.m. and was walking to the second shift when he slipped off a sidewalk. Regardless of whether the two shifts overlapped by one-half hour or that he was still on the facility grounds when he was injured, it could be construed that Officer Sullivan was merely reporting for duty and, therefore, whether he was officially “on the clock” or not, Officer Sullivan was not performing any duty as a correction officer but reporting to his post. (See, Matter of Balcerak v County of Nassau, 274 AD2d 580 [2d Dept 2000]; Matter of Stead v Rockland County, 195 AD2d 668 [3d Dept 1993].)
The court therefore concludes that respondents’ determination with regard to Officer Sullivan had a rational basis. Accordingly, the court concludes that respondents’ determination as it applies to Officer Sullivan was not arbitrary and capricious. The petition is hereby dismissed as it pertains to Officer Sullivan.