■ In the Matter of GARY MOSHIER, Respondent-Appellant, v CITY OF LITTLE FALLS, Appellant-Respondent. [721 NYS2d 848] —Judgment unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Respondent, the City of Little Falls, appeals and petitioner, a municipal police officer, cross-appeals from a judgment resolving two CPLR article 78 proceedings. In the first proceeding, Supreme Court denied that part of the petition seeking to annul respondent's determination eliminating the title/position of detective and to restore petitioner to that position, but nevertheless granted that part of the petition seeking imposition of sanctions against respondent pursuant to 22 NYCRR part 130. In the second proceeding, the court granted the petition seeking to annul respondent's determination denying petitioner's application for benefits pursuant to General Municipal Law § 207-c.

The court properly determined that respondent did not act in bad faith or in violation of Civil Service Law § 75 (1) (e) in eliminating the title/position of detective (*see generally, Matter of Wood v Irving,* 85 NY2d 238, 246; *Matter of Dombroski v Bloom,* 170 AD2d 805, 806). We conclude, however, that the court erred in imposing sanctions against respondent pursuant to 22 NYCRR part 130, which concerns frivolous or bad faith conduct undertaken in the context of civil litigation (*see, Stow v Stow,* 262 AD2d 550, 551). Sanctions pursuant to part 130 are "not a substitute for the court's power to punish for contempt of its own orders" (*Stow v Stow, supra,* at 551). We therefore modify the judgment by denying the first petition in its entirety.

Upon our review of the record, we conclude that petitioner, as a matter of law, sustained no duty-related injury or illness and therefore is not entitled to benefits under General Munici-

pal Law § 207-c (*see, Matter of Balcerak v County of Nassau,* 94 NY2d 253, 258-259; *Matter of Lynch v South Niack / Grand View Police Dept.,* 276 AD2d 63; *Matter of Cohoes Police Officers Union, Local 756, Council 82 [City of Cohoes],* 263 AD2d 652; *Matter of O'Hara v Bigger,* 228 AD2d 507; *Youngs v Village of Penn Yan,* 180 Misc 2d 190, 191-192). We therefore further modify the judgment by denying the second petition. (Appeals from Judgment of Supreme Court, Herkimer County, Kirk, J.—CPLR art 78.) Present—Pigott, Jr., P. J., Wisner, Hurlbutt, Kehoe and Lawton, JJ.