■ ROBERT YOUNGS, Appellant, v VILLAGE OF PENN YAN, Respondent. [737 NYS2d 186] —Appeal from a judgment of Supreme Court, Yates County (Falvey, J.), entered May 13, 1999, dismissing the complaint following a nonjury trial.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiff was employed as a police officer for defendant, the Village of Penn Yan (Village), from August 1, 1980 until February 18, 1993, when he was suspended without pay for 30 days. Plaintiff was found guilty of insubordination after a civil service hearing, and a written reprimand was placed in his file. The Village asked plaintiff to return to work on March 22, 1993, but his doctor advised him not to do so, and plaintiff did not return to work after February 18, 1993. From March 20, 1993 until October 1, 1993, plaintiff was credited with the sick leave, vacation pay, and personal time that he had accumulated as of March 20, 1993. Plaintiff applied for and was granted a performance of duty disability retirement. The State Comptroller determined that plaintiff's effective date of retirement was October 2, 1993 and directed the Village not to pay wages to plaintiff on or after October 1, 1993.

Plaintiff initially filed a claim for workers' compensation benefits, alleging that he was injured on February 18, 1993 and that his injury was depression. The Workers' Compensation Board (Board) denied the claim for benefits, finding that plaintiff's "major depressive illness was brought about by the ongoing frustration he perceived in his police work, which does not of itself rise to the level of compensability, the trauma of the arrest of his brother, the disciplinary action taken on February 17, 1993, * * * and finally the leaving of his wife." The Board found that plaintiff did not sustain an "injury arising out of and in the course of the employment" (Workers' Compensation Law § 10 [1]) because, pursuant to Workers' Compensation Law § 2 (7), the term "injury" "shall not include an injury which is solely mental and is based on workrelated stress if such mental injury is a direct consequence of a lawful personnel decision involving a disciplinary action * * * taken in good faith by the employer."

Plaintiff then commenced this action seeking damages in the amount of $25,000, representing his wages from the Village from March 18, 1993 through October 1, 1993 and medical ex-

penses from March 18, 1993 to the present, on the ground that the Village violated General Municipal Law § 207-c. The parties stipulated that there were no questions of fact and only questions of law for Supreme Court to determine based on the stipulated facts and attached documents submitted by the parties. After reviewing the evidence, the court determined, inter alia, that plaintiff was not entitled to General Municipal Law § 207-c benefits. We affirm.

A police officer is entitled to wages and benefits if he "is injured in the performance of his duties or * * * is taken sick as a result of the performance of his duties" (General Municipal Law § 207-c [1]). A determination by the Board that an injury is work-related does not, "by operation of collateral estoppel, automatically entitle an injured employee to General Municipal Law § 207-c benefits" (*Matter of Balcerak v County of Nassau,* 94 NY2d 253, 256). Thus, conversely, the fact that the Board found that plaintiff did not sustain an injury in the course of employment is not dispositive of the issue concerning his entitlement to General Municipal Law § 207-c benefits. Nevertheless, the findings of the Board are relevant, particularly where, as here, they are the only evidence in the record concerning the nature of plaintiff's injury. The stipulated facts and attached documents submitted by the parties contain no medical records or reports.

Based on the evidence before us, we agree with the court that plaintiff's injury is not compensable under General Municipal Law § 207-c (*see, Matter of Moshier v City of Little Falls,* 281 AD2d 913, 913-914). The goal of those benefits "is to compensate specified municipal employees for injuries incurred in the performance of special work related to the nature of heightened risks and duties" (*Matter of Balcerak v County of Nassau, supra* at 259). Here, plaintiff's depression was not incurred "as a result of a heightened risk peculiar to the performance of the duties of" a police officer (*Matter of Ertner v County of Chenango,* 280 AD2d 851, 852). The frustration that plaintiff experienced at work and the disciplinary action brought against him involved a dispute that he had with a superior officer, and did not relate to the actual performance of his duties as a police officer. Thus, we conclude that the injury sustained by plaintiff is beyond the scope of General Municipal Law § 207-c.

Plaintiff further contends that the court erred in determining that the Village is entitled to reimbursement for alleged overpayments of longevity pay and an Associate Degree stipend for the fiscal year from June 1, 1993 to May 31, 1994. We

disagree. The longevity payments and Associate Degree stipend were calculated based on plaintiff's anticipated employment for the entire year and thus were subject to adjustment pursuant to the contract between the parties because plaintiff was entitled to wages only for the period from June 1, 1993 to October 1, 1993. We have considered plaintiff's remaining contentions and conclude that they are without merit. Present—Pigott, Jr., P.J., Hayes, Hurlbutt, Kehoe and Burns, JJ. [*See* 180 Misc 2d 190.]