■ In the Matter of the Claim of RICHARD MALAN, Respondent, v TOWN OF YORKTOWN et al., Appellants. WORKERS' COM-

PENSATION BOARD, Respondent. — Casey, J.

Claimant, a police officer employed by the Town of Yorktown in Westchester County, injured his knee during a basketball practice conducted off the employer's premises, after working hours, and attended by claimant and five other members of the Yorktown Police Department. During the preceding five years, members of the Yorktown Police Department, including claimant, had participated as a team in basketball games organized by local schools and had attended practice in preparation for such games. The Yorktown Police Department neither requested its members to participate in these games and practices nor purchased equipment or uniforms, although it was aware of these activities. The Workers' Compensation Board concluded that claimant had sustained an accidental injury that arose out of and in the course of his employment, finding that "[t]he employer gained a benefit by the fostering of good public relations with the youth of the community and encouraged participation of employees by its giving them time off to participate".

The Board has broad authority to resolve factual questions based on credibility of witnesses and draw any reasonable inferences from the evidence submitted (*Matter of Wiltshire v Consolidated Edison Co.,* 89 AD2d 657), and this court will not interfere with the Board's resolution of issues of credibility and conflicting evidence (*Matter of Morgante v Southeastern Public Serv. Co.,* 98 AD2d 892). Review of the record reveals that the Board's factual findings are based on its resolution of issues of credibility and conflicting evidence. Thus, we reject the employer's claim that the Board's findings are not supported by substantial evidence, and based upon these findings, we find a rational basis for the Board's conclusion that claimant's injury arose out of and in the course of his employment since the required nexus between the recreational activity and the employer has been established (*see, Matter of Tedesco v General Elec. Co.,* 305 NY 544; *Matter of Olmedo v Mayor's Summer Youth Program,* 98 AD2d 878). The Board's decision must, therefore, be affirmed.

Decision affirmed, with costs to the Workers' Compensation Board. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.