OPINION OF THE COURT
 

 Bellacosa, J.
 

 The question before this Court is whether a determination by the Workers’ Compensation Board that an injury is work-related should, by operation of collateral estoppel, automatically entitle an injured employee to General Municipal Law § 207-c benefits. We answer the question in the negative and
 
 *257
 
 reverse the order of the Appellate Division that ruled against appellant Nassau County on that ground.
 

 Petitioner Balcerak, a correction officer with the Nassau County Correctional Center, sustained injuries in an automobile accident in June 1996. Just before the accident, Balcerak had left the North Shore University Hospital, where he was assigned to a special duty “midnight shift.” He later filled out an “injury sustained while on duty form” requesting General Municipal Law § 207-c benefits. The County never paid him these benefits and eventually memorialized the functional denial of benefits in a letter to Balcerak dated September 9, 1997. In the interim, Balcerak applied for Workers’ Compensation benefits. Although the County opposed this application, the Workers’ Compensation Board granted Balcerak this form of benefit.
 

 Approximately one month after the Board determination, Balcerak filed this CPLR article 78 petition. He pressed his claim against Nassau County for General Municipal Law § 207-c benefits, retroactive to the date of the accident. Supreme Court at first dismissed the petition, without prejudice, as premature. It noted that the County had not conducted a medical examination and had indicated that it was going to appeal the Workers’ Compensation award. On renewal, after the County failed to appeal the Workers’ Compensation determination, Supreme Court granted Balcerak’s petition.
 

 Supreme Court concluded that the County was bound by the Workers’ Compensation Board finding that Balcerak was injured while on duty. The court further stated: “The County has offered no evidence to refute petitioner’s medical evidence that he suffers a compensable disability * * * Under the circumstances, the petition must be granted as respondent [the County] has not shown a rational basis for its decision.” The Appellate Division affirmed, agreeing that the collateral estoppel rationale applied against the County. This Court granted leave to appeal to Nassau County.
 

 With respect to the estoppel issue, the County — and
 
 amici curiae
 
 that support it — argues that the Appellate Division erred because guiding precedent of this Court points to a conclusion that the Workers’ Compensation Law and the General Municipal Law are discrete, independent compensation systems. The County’s proffered rationale also states that a favorable Workers’ Compensation determination should not, therefore, automatically entitle an employee to the special,
 
 *258
 
 extra benefits provided through section 207-c of the General Municipal Law.
 

 Balcerak — and the
 
 amicus curiae
 
 that supports him— responds that the County should not be entitled to re-litigate the injury-in-performance-of-duty issue, when the Workers’ Compensation Board has already determined that very issue. He argues that the standards to be applied with respect to both types of benefits are interchangeable; the issues, as his theory poses them, share an identity, and, therefore, the jurisprudential economies of collateral estoppel should apply.
 

 We agree with the appellant County that identity of issue is lacking here, and, thus, collateral estoppel should not be available
 
 (see generally, Matter of Juan C. v Cortines,
 
 89 NY2d 659;
 
 Ryan v New York Tel. Co.,
 
 62 NY2d 494;
 
 Schwartz v Public Adm’r of County of Bronx,
 
 24 NY2d 65). The Workers’ Compensation Board determination does not automatically preclude a municipality’s discrete decision on a General Municipal Law § 207-c application.
 

 Contrary to Balcerak’s arguments and to the reasoning in the lower courts, the two statutory systems do not necessarily examine and determine the same issue, in the same way, and under the same protocols, procedures and conditions.
 
 Matter of Crawford v Sheriffs Dept.
 
 (152 AD2d 382,
 
 Iv denied
 
 76 NY2d 704), is neither determinative, nor binding in any way
 
 (see, Matter of Marchant v Mead-Morrison Mfg. Co.,
 
 252 NY 284, 298,
 
 rearg denied
 
 253 NY 534,
 
 appeal dismissed
 
 282 US 808).
 

 Our precedents are plain that the party seeking the benefit of collateral estoppel — here, employee Balcerak — bears the initial burden of demonstrating identity of issue
 
 (see, Matter of Juan C. v Cortines,
 
 89 NY2d 659, 667,
 
 supra; Ryan v New York Tel. Co.,
 
 62 NY2d 494, 501,
 
 supra; Schwartz v Public Adm’r of County of Bronx,
 
 24 NY2d 65, 73,
 
 supra).
 
 Balcerak’s arguments do not meet the test and burden. Initially, his theory highlights the fact that the Legislature, which could have utilized the same phrase to describe the requisite showing for entitlement to benefits under both statutes, instead chose to enact two different phrasings. The operational phrases, moreover, are not necessarily “interchangeable,” though this interpretative tool is not alone determinative. On plain reading, the statutes not only start off expressed differently, but the legislative history and operational features also follow paths of differential interpretation and application.
 

 General Municipal Law § 207-c pertinently provides that a correction officer “injured in the performance of his duties”
 
 *259
 
 shall be paid by the employer the full amount of regular salary or wages for the duration of the disability and is covered for all medical treatment and hospital care necessitated by reason of the injury. The history behind a 1997 amendment to the provision — which added Nassau County probation officers to the list of municipal employees eligible for these special disability benefits — sheds light on the particular purpose behind allowing these special disability benefits to various recipients:
 

 “Today’s probation officers find themselves performing many of the functions performed by their counterparts in the police and corrections services. Like other police and peace officers, probation officers are exposed on a daily basis to the risks and dangers involved in managing an increasingly violent criminal population. In addition, they are regularly exposed to * * * a high possibility of bodily injury that may result from the performance of their duties.
 

 “However, probation officers do not receive comparable disability coverage either [sic] for injuries they sustain in the line of performance of those duties” (Senate Mem in Support, L 1997, ch 675, 1997 NY Legis Ann, at 458-459).
 

 It is evident that General Municipal Law § 207-c benefits were meant to fulfill a narrow and important purpose. The goal is to compensate specified municipal employees for injuries incurred in the performance of special work related to the nature of heightened risks and duties. These functions are keyed to “the criminal justice process, including investigations, presentencing, criminal supervision, treatment and other preventative corrective services” (Senate Mem in Support,
 
 op. cit.,
 
 at 458).
 

 The Workers’ Compensation Law, on the other hand, is the State’s most general and comprehensive social program, enacted to provide all injured employees with some scheduled compensation and medical expenses, regardless of fault for ordinary and unqualified employment duties (Minkowitz, Practice Commentaries, McKinney’s Cons Laws of NY, Book 64, Workers’ Compensation Law § 1, at 3-4). An injury means “accidental injuries arising out of and in the course of employment”, with certain exceptions that are not pertinent to the analysis of the instant problem (Workers’ Compensation Law §§ 2, 10;
 
 see also,
 
 Minkowitz, Supp Practice Commentar
 
 *260
 
 ies, McKinney’s Cons Laws of NY, Book 64, Workers’ Compensation Law § 2, 1999 Pocket Part, at 4).
 

 The practical and theoretical distinctions are not merely semantical. It is justifiable and understandable that police or correction officers may be eligible for Workers’ Compensation benefits as a result of circumstances that might not entitle them to General Municipal Law § 207-c benefits. For example, a police officer may be entitled to Workers’ Compensation benefits as a result of an injury during a Police Department team basketball practice because the nature of the activities may allow the injury to be considered as “arising out of and in the course” of the employment
 
 (see, Matter of Malan v Town of Yorktown,
 
 110 AD2d 949, 950). That kind of injury, however, is not the heightened risk type intended to be deemed automatically as arising during the “performance” of duties related to “the criminal justice process” (Senate Mem in Support, L 1997, ch 675, 1997 NY Legis Ann, at 458). The General Municipal Law is designed to redress and compensate only the latter more generously than the Workers’ Compensation schedule would.
 

 Additionally, Workers’ Compensation Law § 30 indirectly acknowledges that General Municipal Law § 207-c benefits are not automatically bestowed just because a Workers’ Compensation award has been made. Section 30 provides that “in case of’ a General Municipal Law § 207-c award, those benefits shall be credited against those given under Workers’ Compensation. This provision guards against a presumption or collateral estoppel “kicker” that a General Municipal Law § 207-c award should automatically be piggy backed on top of a Workers’ Compensation award. Indeed, it cogently implies that the two types of benefits are to be considered and resolved discretely.
 

 Furthermore, when the Legislature wishes to create presumptions in the social legislation field, it does so unmistakably. There are precise “presumptions” set forth in the Workers’ Compensation Law, which favor employees by granting easy initial access to benefits (Workers’ Compensation Law § 21, entitled “Presumptions”). Significantly, the presumption formula is not repeated in the narrower but more generous General Municipal Law category
 
 (compare,
 
 Workers’ Compensation Law § 21 [presumption that the claim comes within the provision of the law],
 
 with Matter of DePoalo v County of Schenectady,
 
 85 NY2d 527, 532 [section 207-c “does not provide for automatic entitlement”]).
 

 
 *261
 
 This Court is therefore persuaded that no specific statutory-language or history has been presented or found that would lead to the conclusion that the eligibility determinations for these distinct types of statutory benefits should not stand and be resolved essentially on their own merits
 
 (see, Matter of Cook v City of Utica,
 
 88 NY2d 833;
 
 see also, Matter of Sutka v Conners,
 
 73 NY2d 395, 404). Rather, all the available authority, analysis and procedure point to the conclusion that no identity of issue inheres in determinations regarding these two types of benefits.
 

 Even the manner and forum of resolution are significantly distinct. The plain wording and the legislative history of General Municipal Law § 207-c notably authorize a municipality itself, not any other independent entity like the Workers’ Compensation Board, to make the determination whether the injury or illness is related to work performance in the line of duty
 
 (see, Matter of DePoalo v County of Schenectady, supra,
 
 at 532;
 
 see also, Matter of Cook v City of Utica,
 
 88 NY2d 833,
 
 supra).
 
 That is an important distinction with a real legal significance that is entitled to respect and some effect.
 

 In sum, the issue involving the entitlement to benefits in the General Municipal Law setting is not necessarily the same one decided in a Workers’ Compensation determination. The latter forum features a more lenient and more inclusive standard of covered activity than is intended to be covered and compensated in a General Municipal Law § 207-c benefits universe. The burdens, procedures and prescribed benefits are also significantly distinct between the two statutory formulas. Thus, the General Municipal Law § 207-c application should not be automatically predetermined by the very different Workers’ Compensation Law procedure, analysis and outcome. This Court’s determination today also avoids the undesirable and impractical ramification of engendering races to distinct forums for a General Municipal Law § 207-c claim and a Workers’ Compensation determination.
 

 Since our decision resolves only the collateral estoppel issue, we remit the matter to the Appellate Division for review of the County’s argument that Supreme Court also erred in finding that the County did not have a rational basis for its decision denying Balcerak section 207-c benefits, a question not yet addressed by the Appellate Division.
 

 Accordingly, the order of the Appellate Division should be reversed, with costs, and the case remitted to the Appellate Division for further proceedings in accordance with this opinion.
 

 
 *262
 
 Chief Judge Kaye and Judges Smith, Levine, Ciparick, Wesley and Rosenblatt concur.
 

 Order reversed, etc.