■ ANN MALLINCKRODT, Appellant, v WILLIAM BARNES, Defendant, and NEW YORK STATE POLICE DEPARTMENT, Respon-

dent. [707 NYS2d 273] —Graffeo, J. Appeal from an order of the Supreme Court (Best, J.), entered March 18, 1999 in Montgomery County, which, *inter alia*, denied plaintiff's motion for leave to amend the complaint and dismissed the action as moot.

During a polo match in September 1998, a thoroughbred polo pony, owned by plaintiff, was injured and stabled due to its wound. It was later determined that the horse had sustained a leg fracture. After the horse failed to make progress toward recovery, the veterinarians who examined it concluded that the horse was suffering unjustifiably and should be euthanized. Plaintiff objected, asserting that based on her beliefs as a Christian Scientist she would not consent to the destruction of the animal. Thereafter, the State Police investigator who accompanied the veterinarians prepared an application for a warrant seeking authorization to have the horse euthanized under Agriculture and Markets Law article 26, which prohibits cruelty to animals.

Before a warrant was issued, plaintiff commenced this action seeking injunctive relief to enjoin defendants from obtaining or executing any order authorizing the destruction of her horse. Plaintiff was granted a preliminary injunction after a series of hearings and a nonjury trial ensued. At trial, plaintiff framed her claim as a challenge under the NY Constitution (art I, § 3) to the validity of Agriculture and Markets Law article 26 insofar as the provision could be applied to authorize destruction of her horse in violation of her religious beliefs. In addition to testimony regarding her Christian Science beliefs and healing techniques, both parties offered testimony and other evidence describing the condition of the horse and addressing whether euthanasia was necessary or appropriate under the circumstances.

In December 1998, a week after the trial concluded but before a decision was issued, the horse died from its injuries. Plaintiff then moved for leave to amend her complaint to seek a judgment declaring that her refusal to allow euthanasia of her horses is not in violation of Agriculture and Markets Law article 26 because such conduct involves the free exercise of her religion. Plaintiff claimed that the controversy remained viable and, in any event, fell within the exception to the mootness doctrine. Supreme Court denied plaintiff's motion to amend and dismissed the action as moot. Plaintiff now appeals.

We affirm Supreme Court's declaration of mootness under the facts of this case. It is well settled that "the power of a court to declare the law only arises out of, and is limited to,

determining the rights of persons which are actually controverted in a particular case pending before the tribunal" (*Matter of Hearst Corp. v Clyne*, 50 NY2d 707, 713). Because the initial relief plaintiff sought was a permanent injunction prohibiting defendants from euthanizing her horse, plaintiff's action obviously became moot when her horse died.

Plaintiff's motion for leave to amend her complaint to substitute a cause of action for a declaratory judgment was properly denied because " 'courts will not entertain a declaratory judgment action when any decree that the court might issue will become effective only upon the occurrence of a future event that may or may not come to pass' " (*New York Pub. Interest Research Group v Carey*, 42 NY2d 527, 531, quoting 3 Weinstein-Korn-Miller ¶ 3001.09b). Although plaintiff urges that there is a possibility that another of her horses will suffer the same injury, spawning a similar controversy, we find it is entirely likely that these circumstances will not recur.

Plaintiff's contention that her constitutional challenge to the application of Agriculture and Markets Law article 26 constitutes a live controversy which affects her rights in a criminal prosecution is similarly unavailing. Seven months after the death of her horse, plaintiff was charged with the misdemeanor offense of overdriving, torturing and injuring an animal under Agriculture and Markets Law article 26. Should judgment issue in her favor in this case, plaintiff asserts that the prosecutor in the criminal proceeding will be collaterally estopped from challenging her defense that her conduct was constitutionally protected. However, collateral estoppel is a flexible doctrine that has not been liberally applied in criminal actions (*see, Matter of Juan C. v Cortines*, 89 NY2d 659, 668; *People v Roselle*, 84 NY2d 350, 357), and the doctrine is appropriate only when there is identity of parties against whom the doctrine is sought to be applied and the issues involved (*see, Matter of Balcerak v County of Nassau*, 94 NY2d 253; *Matter of Juan C. v Cortines, supra*), factors not necessarily present here. We therefore conclude that the likelihood of a holding in this case affecting plaintiff's rights in the criminal arena is too remote to render this a live controversy.

Finally, we concur with Supreme Court that this case does not fall within the exception to the mootness doctrine since it does not involve: "(1) a likelihood of repetition * * * (2) a phenomenon typically evading review; and (3) * * * substantial and novel issues" (*Matter of Hearst Corp. v Clyne, supra*, at 714-715). As plaintiff's contentions stem from the propriety of the statute's application under a particular set of facts, it is unlikely that the identical situation will again arise.

Cardona, P. J., Mercure, Carpinello and Mugglin, JJ., concur. Ordered that the order is affirmed, without costs.