■ In the Matter of TAMMY ERTNER, Appellant, v COUNTY OF CHENANGO et al., Respondents. [720 NYS2d 410] —Crew III, J. Appeal from a judgment of the Supreme Court (Dowd, J.), entered May 18, 2000 in Chenango County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent County Sheriff denying petitioner benefits pursuant to General Municipal Law § 207-c.

Petitioner, a correction officer employed by respondent Chenango County Sheriff's Department and stationed at the County Jail, sustained injuries when she fell while going downstairs to inspect the first-floor cells of the jail, having just completed such an inspection of the second floor. As a consequence, petitioner applied for and was awarded workers' compensation benefits. Thereafter, petitioner applied for General Municipal Law § 207-c benefits, which ultimately were denied on the basis that petitioner's injury was not "incurred during the performance [of] a job function peculiar to a correction officer." Petitioner's unsuccessful challenge of that determination has prompted this appeal.

We affirm. The Court of Appeals has made clear that entitlement to benefits under the Workers' Compensation Law and General Municipal Law § 207-c are discrete and entirely independent of one another. The former was enacted with a view toward providing employees with some measure of compensation for injuries incurred in the course of ordinary and otherwise unqualified employment duties, whereas the latter was enacted to "compensate specified municipal employees for injuries incurred in the performance of * * * work related to the nature of heightened risks and duties" peculiar to their specialized employment (*Matter of Balcerak v County of Nassau*, 94 NY2d 253, 259).

While it would be virtually impossible to enumerate each and every instance in which an employee would be entitled to General Municipal Law § 207-c benefits as opposed to workers' compensation benefits (and such determinations must, of ne-

cessity, be made on an ad hoc basis), two rather classic examples come to mind: a police officer injured while pursuing a fleeing felon and a correction officer injured while attempting to quell a prison riot. At the opposite end of that spectrum is a case such as this. It can hardly be said that an injury incurred while a correction officer is going up or down stairs at his or her place of employment is one incurred as the result of a heightened risk peculiar to the performance of the duties of such an officer. Thus, the determination that petitioner was not injured "during the performance [of] a job function peculiar to a correction officer" is supported by substantial evidence and, as such, will not be disturbed.

Cardona, P. J., Mercure, Peters and Rose, JJ., concur. Ordered that the judgment is affirmed, without costs.