■ In the Matter of Bruce Sutherland, Appellant, v Village of Suffern et al., Respondents. [735 NYS2d 605] —In a proceeding pursuant to CPLR article 78, *inter alia,* to review a determination of the Chief of the Village of Suffern Police Department dated July 26, 2000, denying the petitioner benefits pursuant to General Municipal Law § 207-c, the appeal is from a judgment of the Supreme Court, Rockland County (Nelson, J.), dated December 20, 2000, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

The petitioner, a police officer, injured his shoulder when he attempted to open a door to the station house while on duty. He applied for benefits under General Municipal Law § 207-c, and the Chief of the Village of Suffern Police Department (hereinafter the Police Chief) denied the benefits.

The Court of Appeals has stated that the purpose behind General Municipal Law § 207-c "is to compensate specified municipal employees for injuries incurred in the performance of special work related to the nature of heightened risks and duties. These functions are keyed to 'the criminal justice process, including investigations, presentencing, criminal supervision, treatment and other preventative corrective services' " (*Matter of Balcerak v County of Nassau,* 94 NY2d 253, 259, quoting Senate Mem in Support, L 1997, ch 675, 1997 NY Legis Ann, at 458). Therefore, the determination of the Police Chief not to award benefits pursuant to General Municipal Law § 207-c to the petitioner for an injury sustained when he attempted to open a door to the precinct was not arbitrary or capricious (*see, Matter of Balcerak v County of Nassau, supra; Matter of Ertner v County of Chenango,* 280 AD2d 851).

The petitioner's argument that he should be awarded work-

ers' compensation benefits should be addressed to the Workers' Compensation Board (*see,* Workers' Compensation Law § 23). Goldstein, J. P., McGinity, H. Miller and Townes, JJ., concur.