◼ In the Matter of SANDRA TRAVISON, Petitioner, v COUNTY OF ALBANY et al., Respondents. [739 NYS2d 204] —Crew III, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Albany County Sheriff denying petitioner's application for benefits under General Municipal Law § 207-c.

Petitioner, a correction officer employed by the Albany County Sheriff's Department, was injured when she rounded a

corner of a tier in the correctional facility operated by respondent County of Albany and slipped and fell on soapy water outside the inmate shower area. At the time of her fall, petitioner was conducting rounds to ensure that all inmates were secured in their cells. Petitioner subsequently applied for benefits under General Municipal Law § 207-c and, following a hearing, a Hearing Officer recommended that such benefits be granted. Respondent Albany County Sheriff declined to adopt the Hearing Officer's recommendation and denied petitioner's application. Petitioner thereafter commenced this CPLR article 78 proceeding challenging that determination.

The facts of this case are virtually indistinguishable from those contained in our recent decision in *Matter of Ertner v County of Chenango* (280 AD2d 851), where we upheld the denial of General Municipal Law § 207-c benefits to a correction officer who fell down the stairs of the local jail while conducting an inspection of the cells. As we held in *Ertner*, an injury suffered by a correction officer (here, petitioner) while performing rounds or engaging in a routine inspection can hardly be described as "one incurred as the result of a heightened risk peculiar to the performance of the duties of such an officer" (*id.* at 852). Accordingly, petitioner's application for benefits was properly denied.

Mercure, J.P., Spain, Carpinello and Lahtinen, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.