■ In the Matter of TERESA DOBBERTIN, Appellant, v TOWN OF CHESTER et al., Respondents. [738 NYS2d 688] —In a proceed-

ing pursuant to CPLR article 78 to review a determination of the respondent Chief of Police, Town of Chester, dated August 24, 2000, which denied the petitioner's application for benefits pursuant to General Municipal Law § 207-c, the appeal is from a judgment of the Supreme Court, Orange County (Slobod, J.), dated December 19, 2000, which denied the petition and confirmed the determination.

Ordered that the judgment is reversed, on the law, with costs, the petition is granted, the determination is annulled, and the matter is remitted to the Supreme Court, Orange County, for entry of a judgment directing the respondents to afford the petitioner the rights and benefits accruing under General Municipal Law § 207-c.

The appellant, a police officer for the Town of Chester, responded with other officers to a residence to investigate a report of a possible intruder. Upon their arrival the officers observed that the subject driveway was covered with snow and ice, so the police vehicles were parked on the street. After inspecting the premises, the appellant was injured when she slipped and fell on the driveway as she returned to her parked vehicle. As a result of a serious injury to her hand, the appellant became unable to perform her duties as a police officer. Her subsequent application for benefits under General Municipal Law § 207-c was denied by the respondents in a letter from the Chief of Police. It was claimed that the appellant was ineligible to receive benefits because her injuries, though sustained while on duty, were not the result of "any of the heightened risks or dangers associated with police duty." The appellant brought the petition herein challenging the respondents' determination. The Supreme Court held, inter alia, that the appellant was not eligible for benefits under General Municipal Law § 207-c because, although on duty, she was not performing a duty of heightened risk at the time of the injury. We disagree.

General Municipal Law § 207-c (1) provides that a police officer "who is injured in the performance of his duties or who is taken sick as a result of the performance of his duties so as to necessitate medical or other lawful remedial treatment shall be paid by the municipality by which he is employed the full amount of his regular salary or wages until his disability arising therefrom has ceased, and, in addition such municipality shall be liable for all medical treatment and hospital care necessitated by reason of such injury or illness." This law was enacted for the purpose of giving police officers additional benefits and occupational protections due to the categorical determination by the Legislature that police work involves a

heightened risk of injury (*see, Matter of Balcerak v County of Nassau,* 94 NY2d 253). These heightened risks and duties are "keyed to the criminal justice process, including investigations, presentencing, criminal supervision, treatment, and other preventive corrective services" (*Balcerak v County of Nassau, supra* at 259).

The Supreme Court determined that the respondents' denial of General Municipal Law § 207-c benefits to the petitioner was neither arbitrary nor capricious. In so doing, the Supreme Court concluded that immediately before her fall, the petitioner "had been engaged in an investigation of criminal activity which amounted to 'special work related to the nature of heightened risks and duties' [*Balcerak v County of Nassau, supra,* at 259]" but that, at the time of her fall, she was not so engaged.

We find that, under the particular circumstances of this case, the denial of the petitioner's application for benefits under General Municipal Law § 207-c was arbitrary and capricious. We disagree with the Supreme Court that the petitioner, who was still at the site of the investigation when she fell, was not engaged in "special work related to the nature of heightened risks and duties" (*Matter of Balcerak v County of Nassau, supra* at 259; *Matter of Sutherland v Village of Suffern,* 289 AD2d 582). The petitioner was not spatially or temporally removed from the "special work" she had been dispatched to perform, and she was injured in the performance of her duties within the meaning of the statute. Ritter, J.P., Goldstein, H. Miller and Townes, JJ., concur.