[746 NYS2d 495]

In the Matter of WARREN CLEMENTS et al., Appellants, v
ANTHONY J. PANZARELLA et al., Respondents.

Second Department, August 26, 2002

**APPEARANCES OF COUNSEL**

*Certilman Balin Adler & Hyman, LLP*, East Meadow (*Wayne
J. Schaefer* of counsel), for appellants.

*Cullen and Dykman, LLP,* Garden City (*Marianne McCarthy,
Peter J. Mastaglio* and *Gerard Fishberg* of counsel), for
respondents.

**OPINION OF THE COURT**

RITTER, J.P.

The petitioners, Warren Clements and Raymond Rice, police officers with the respondent Incorporated Village of Malverne (hereinafter the Village), commenced this proceeding pursuant to CPLR 7803 (3) to annul two determinations of the Village denying them benefits pursuant to General Municipal Law § 207-c for injuries sustained while on duty. The Supreme Court granted the Village's motion pursuant to CPLR 7804 (f) to dismiss the petition. We affirm. Clements and Rice failed to demonstrate that their respective injuries were incurred in the performance of special work related to the nature of heightened risks and duties to which police officers are exposed in the criminal justice process, and that such injuries are compensable under General Municipal Law § 207-c.

Scrutiny of the legislative intent underlying the enactment of General Municipal Law § 207-c, the case law interpreting the statute, and the statute's place in the general scheme of statutory and common-law benefits afforded injured police officers, reveals that General Municipal Law § 207-c was designed to address a particular and narrow category of injuries.

General Municipal Law § 207-c was enacted in 1961 to extend to police officers benefits afforded firefighters since 1938 pursuant to General Municipal Law § 207-a (*see* L 1938, ch 562, § 1; L 1961, ch 920). In relevant part, General Municipal Law § 207-c provides that a police officer "injured in the performance of his [or her] duties or who is taken sick as a result of the performance of his [or her] duties so as to necessitate medical or other lawful remedial treatment" is entitled to the "full amount of his [or her] regular salary or wages * * * until [the period of] disability arising therefrom has ceased," and to payment for "all medical treatment and hospital care necessitated by reason of such injury or illness." Upon signing the bill into law, then-Governor Rockefeller noted that parity between police officers and firefighters was warranted because police officers, like firefighters, were exposed to "substantial hazards" in the performance of their duties (Governor's Mem approving L 1961, ch 920, 1961 McKinney's Session Laws of NY, at 2141; *see also* Mem of Department of Audit and Control, Bill Jacket, L 1961, ch 920 ["Members of the police department argue they assume as many risks as members of the fire department and should be accorded equal treatment"]). Indeed, it is clear that the heightened risks and duties faced by firefighters and police officers constituted the basis for the enactment of both statutes,

and are factors repeatedly invoked as a basis for extending General Municipal Law § 207-c benefits to additional persons. For example, in bringing certain advanced ambulance medical technicians under the statute's protections, it was argued that such technicians "are assigned to many of the same hazardous situations and potentially life-threatening duties" as police officers, and that they respond to "life-threatening police assignments such as riots, hostage or barricade situations" (Senate Mem in Support, L 1996, ch 476, 1996 McKinney's Session Laws of NY, at 2418). In extending the protections of General Municipal Law § 207-c to Nassau County probation officers, the Senate observed, "[t]oday's probation officers find themselves performing many of the functions performed by their counterparts in the police and corrections services" and, "[l]ike other police and peace officers, probation officers are exposed on a daily basis to the risks and dangers involved in managing an increasingly violent criminal population" (Senate Mem in Support, L 1997, ch 675, 1997 McKinney's Session Laws of NY, at 2648; *see also* Senate Mem in Support, L 1996, ch 621, 1996 McKinney's Session Laws of NY, at 2546 [inclusion of Nassau County fire marshals under General Municipal Law § 207-c appropriate because their jobs "can be as dangerous as police and corrections officers"]). In sum, the Legislature's focus in enacting and amending General Municipal Law § 207-c has been to provide benefits to persons for injuries arising from the heightened risks and duties to which they are exposed in their special work.

This focus was made manifest by the Court of Appeals in *Matter of Balcerak v County of Nassau* (94 NY2d 253), which concerned an injury to a Nassau County correction officer. The officer argued that a determination that he was entitled to workers' compensation benefits for his injuries collaterally estopped Nassau County from denying General Municipal Law § 207-c benefits for the same injuries. The Court of Appeals disagreed. Drawing on statements made in the 1997 legislative memorandum in support of extending the protections of General Municipal Law § 207-c to Nassau County probation officers, the Court held:

> "It is evident that General Municipal Law § 207-c benefits were meant to fulfill a narrow and important purpose. The goal is to compensate specified municipal employees for injuries incurred in the performance of special work related to the nature of heightened risks and duties. These functions are

keyed to 'the criminal justice process, including investigations, presentencing, criminal supervision, treatment and other preventative corrective services.'" (*Matter of Balcerak v County of Nassau, supra* at 259, quoting Senate Mem in Support, L 1997, ch 675, 1997 NY Legis Ann, at 458.)

In contrast, the *Balcerak* Court held that the Workers' Compensation Law was "the State's most general and comprehensive social program, enacted to provide all injured employees with some scheduled compensation and medical expenses, regardless of fault for *ordinary and unqualified employment duties*" (*id* [emphasis added]). Thus, the *Balcerak* Court noted, although an injury to a police officer during a police department team basketball practice might be an injury "'arising out of and in the course' of employment" for purposes of the Workers' Compensation Law (*id.* at 260, quoting *Matter of Malan v Town of Yorktown,* 110 AD2d 949, 950), it was not an injury of the "heightened risk type intended to be deemed automatically as arising during the 'performance' of duties related to 'the criminal justice process'" (*id.* at 260, quoting Senate Mem in Support, L 1997, ch 675, 1997 NY Legis Ann, at 458). General Municipal Law § 207-c, the Court held, was "designed to redress and compensate only the latter [type of injury] more generously than the Workers' Compensation schedule would" (*Matter of Balcerak v County of Nassau, supra* at 260). In rendering its determination, the *Balcerak* Court repeatedly described the scope of General Municipal Law § 207-c as being "narrower" than the "more lenient and inclusive standard" of the Workers' Compensation Law (*id.* at 260-261). In sum, *Balcerak* makes clear that the benefits conferred by General Municipal Law § 207-c are not available for all injuries incurred by police officers in the performance of duties, but are limited to the more narrow category of injuries incurred in the performance of special work related to the nature of heightened risks and duties to which police officers are exposed in the criminal justice process. Thus, in considering General Municipal Law § 207-c benefits, the nature of the duty being performed at the time of the injury, and its relation to the injury, must be scrutinized. An examination of several recent cases illustrates the point (*see Matter of Sutherland v Village of Suffern,* 289 AD2d 582, *lv denied* 97 NY2d 613 [General Municipal Law § 207-c benefits properly denied police officer injured while attempting to open door to precinct house]; *Matter of Dobbertin v Town of Chester,* 292 AD2d 382, 383-384, *lv denied* 98 NY2d

605 [General Municipal Law § 207-c benefits properly awarded police officer injured in course of investigation of residence for possible intruder]; *Matter of Ertner v County of Chenango*, 280 AD2d 851 [General Municipal Law § 207-c benefits properly denied correction officer injured in fall down stairs during routine cell inspection]).

The conclusion reached in *Balcerak* (*supra*) finds additional support when viewing General Municipal Law § 207-c's place in the comprehensive scheme of benefits available to police officers injured in the course of employment under the common law and various statutes. In *Santangelo v State of New York* (71 NY2d 393), the Court of Appeals held that, under the common law, police officers were considered "experts engaged, trained and compensated by the public to deal on its behalf with emergencies and hazards often created by negligence" and, therefore, "generally cannot recover damages for negligence in the very situations that create the occasion for their services" (*Santangelo v State of New York, supra* at 397; *see also Galapo v City of New York*, 95 NY2d 568, 573). This rule was later refined to preclude only those common-law claims "arising out of the special hazards inherent in police functions" (*Cooper v City of New York*, 81 NY2d 584, 592; *see also Zanghi v Niagara Frontier Transp. Commn.*, 85 NY2d 423, 439-440). In announcing this lack of a common-law remedy for such claims, the *Santangelo* Court noted that a police officer was not without a remedy, as "compensation and special benefits" otherwise available to police officers assured that the public would bear the cost of such injuries, citing, inter alia, General Municipal Law article 10, which includes General Municipal Law § 207-c (*see Santangelo v State of New York, supra* at 398). The so-called "*Santangelo* rule" has been abrogated in large part by statute (*see* General Municipal Law § 205-e; General Obligations Law § 11-106 [1]). However, *Santangelo* was decided before the enactment of either General Municipal Law § 205-e or General Obligations Law § 11-106 (1). Thus, it provides support for the conclusion that General Municipal Law § 207-c was intended to provide a potential source of compensation for a narrower class of injuries (*see Cooper v City of New York, supra; see also Zanghi v Niagara Frontier Transp. Commn., supra* at 439-440; *Santangelo v State of New York, supra* at 398).

Finally, General Municipal Law § 207-c occupies a unique place in the statutory scheme establishing compensation for injured police officers. Currently there are several statutes

under which a police officer might seek compensation for injuries occurring in the course of employment. As noted supra, the Workers' Compensation Law provides more limited compensation for the broader category of injuries " 'arising out of and in the course of employment' " (*Matter of Balcerak v County of Nassau, supra* at 259, quoting Workers' Compensation Law § 10 [1]). General Municipal Law § 205-e (1) permits a police officer to recover for injuries caused by a negligent failure to comply with "the requirements of any of the statutes, ordinances, rules, orders and requirements of the federal, state, county, village, town or city governments or of any and all their departments, divisions and bureaus" (*see also Galapo v City of New York, supra* at 572). General Obligations Law § 11-106 (1) permits recovery for injuries "proximately caused by the neglect, willful omission, or intentional, willful or culpable conduct of any person or entity, other than that police officer's or firefighter's employer or co-employee" (*see also Galapo v City of New York, supra* at 573).

Here, Clements and Rice failed to demonstrate that their respective injuries were sustained in the performance of special work related to the nature of heightened risks and duties to which police officers are exposed in the criminal justice process. Officer Clements injured his back when he slipped and fell while removing "police tape" that had been used to mark flooding on a municipal street, which flooding had receded before he began the removal. Officer Rice injured his elbow when he slipped and fell down stairs at the police station while walking to the locker room. Thus, the Supreme Court properly denied the petition and dismissed the proceeding, and the order and judgment is therefore affirmed, with costs.

FEUERSTEIN, LUCIANO and ADAMS, JJ., concur.

Ordered that the order and judgment is affirmed, with costs.