■ In the Matter of DAVID STALTER, Petitioner, and GARY WALL et al., Appellants, v EUGENE E. SCARPATO et al.,

Respondents. [746 NYS2d 499]

The appellants, Gary Wall and John Reichert, together with David Stalter, police officers with the respondent Village of Lynbrook (hereinafter the Village), commenced this proceeding pursuant to CPLR 7803 (3), inter alia, to annul two determinations of the Village denying them benefits pursuant General Municipal Law § 207-c for injuries sustained while on duty. The Supreme Court granted the Village's motion pursuant to CPLR 7804 (f) to dismiss the petition. For the reasons discussed in *Matter of Clements v Panzarella* (297 AD2d 4 [decided herewith]), we affirm.

Wall and Reichert failed to demonstrate that their respective injuries were incurred in the performance of special work related to the nature of heightened risks and duties to which police officers are exposed in the criminal justice process and that such injuries are compensable under General Municipal Law § 207-c (*see Matter of Balcerak v County of Nassau*, 94 NY2d 253; *Matter of Clements v Panzarella, supra*). Officer Wall injured his right foot when he fell removing cones from a police vehicle while on barricade and cone detail, and re-injured the foot when he tripped over an air hose while on assignment at a Village garage. Officer Reichert injured his knee stepping off the rear of a truck while conducting a routine commercial vehicle inspection. Thus, the Supreme Court correctly denied the petition and dismissed the proceeding as to Wall and Reichert.

Officer Wall argues that additional injuries he incurred on August 26, 1988, August 7, 1991, July 10, 1993, and April 16, 1998, resulted from special work related to the nature of heightened risks and duties to which he was exposed in the criminal justice process. However, in support of its motion to dismiss the petition, the Village submitted unrebutted sworn assertions that the denial of benefits to Officer Wall at issue in this proceeding was not based on such injuries, and that Offi-

cer Wall was entitled to seek benefits for the same. Thus, such injuries do not provide a basis upon which to annul the Village's determination as to Officer Wall.

The appellants' remaining contentions lack merit. Ritter, J.P., Feuerstein, Luciano and Adams, JJ., concur.