In the Matter of DENISE M. THEROUX et al., Respondents, et al., Petitioner, v EDWARD REILLY et al., Appellants. [746 NYS2d 501]

The petitioners, Denise M. Theroux, Brian P. Sullivan, Patrick T. Guiheen, William R. Drake, and Walter M. Krute, Nassau County correction officers, commenced this proceeding pursuant to CPLR 7803 (3) to annul determinations of the respondent Nassau County Sheriff's Department denying each of them benefits pursuant to General Municipal Law § 207-c for injuries sustained while on duty. The Supreme Court granted the petition with respect to Theroux, Guiheen, Drake, and Krute, reversed and annulled the determinations as to those petitioners, and declared them eligible for General Municipal Law § 207-c benefits. For the reasons discussed in *Matter of Clements v Panzarella* (297 AD2d 4 [decided herewith]), the judgment must be reversed insofar as appealed from.

Theroux, Guiheen, Drake, and Krute failed to demonstrate that their respective injuries were incurred in the performance of special work related to the nature of heightened risks and duties to which correction officers are exposed in the criminal justice process, and that such injuries are compensable under General Municipal Law § 207-c (*see Matter of Balcerak v County of Nassau,* 94 NY2d 253; *Matter of Clements v Panza-*

*rella, supra*). Theroux injured her right shoulder when a door swung backward onto her as she stepped out of an office to speak to an inmate. Guiheen injured his left eye when he "accidently walked into the corner of a television hanging from the ceiling" while conducting an inmate count. Drake injured his left arm and shoulder when a chair broke and collapsed beneath him as he was about to make a log book entry. Finally, Krute injured his lower back while he was "opening a lobby kitchen door in order to admit inmates into the kitchen." Thus, the denial of General Municipal Law § 207-c benefits was not arbitrary or capricious, an abuse of discretion, or affected by an error of law. Ritter, J.P., Feuerstein, Luciano and Adams, JJ., concur. [*See* 187 Misc 2d 723.]