■ In the Matter of WILLIAM DINGEE, Appellant, v COUNTY OF DUTCHESS, Respondent. [750 NYS2d 325] —In a proceeding pursuant to CPLR article 75 to vacate an arbitration award denying the petitioner's application for benefits pursuant to General Municipal Law § 207-c, the appeal is from a judgment of the Supreme Court, Dutchess County (Pagones, J.), which denied the petition.

Ordered that the judgment is affirmed, with costs.

The petitioner, a correction officer employed by the County of Dutchess, allegedly sustained physical injuries while on duty, when the chair in which he was seated inside the control room at the county jail collapsed beneath him. The petitioner was denied benefits pursuant to General Municipal Law § 207-c at the administrative level. Pursuant to the relevant grievance resolution provisions of the collective bargaining agreement between the petitioner's union and the County, he sought arbitration of the issue of his entitlement to such benefits. The arbitrator determined that the petitioner was not entitled to benefits pursuant to General Municipal Law § 207-c because his alleged injuries did not arise from any work-related activities that ex-

posed him to "heightened risks and duties" specific to his employment. The petitioner sought to vacate this award as contrary to public policy. The Supreme Court denied the petition. We affirm.

Judicial intervention is to be narrowly exercised in arbitration matters where parties have freely exercised their rights to refer matters to determination by arbitrators. To void an arbitration award on public policy grounds, the award must appear "on its face" to be contrary to public policy (*Matter of New York City Tr. Auth. v Transport Workers Union of Am.*, 99 NY2d 1; *see Matter of County of Nassau v Sheriff's Officers Assn.*, 294 AD2d 31).

In this case, the petitioner failed to identify any applicable public policy precluding the arbitrator's determination denying his application for benefits under General Municipal Law § 207-c. To the contrary, the arbitrator's decision was consistent with the overwhelming weight of decisional authority (*see Matter of Clements v Panzarella*, 297 AD2d 4; *Matter of Stalter v Scarpato*, 297 AD2d 382; *Matter of Theroux v Reilly*, 297 AD2d 384; *Matter of Sills v Livingston*, 294 AD2d 922; *Matter of Travison v County of Albany*, 291 AD2d 705, *lv denied* 98 NY2d 605; *Matter of Sutherland v Village of Suffern*, 289 AD2d 582; *Matter of Ertner v County of Chenango*, 280 AD2d 851). Accordingly, the Supreme Court correctly denied the petition. Altman, J.P., S. Miller, Luciano and Rivera, JJ., concur.