In the Matter of DAVID WAGMAN, Appellant, v JOHN A. KAPICA et al., Respondents. [751 NYS2d 754] —In a proceeding pursuant to CPLR article 78 to review a determination of the Chief of Police of the Police Department of the Town of Greenburgh, dated November 3, 2000, which, after a hearing, denied the petitioner benefits pursuant to General Municipal Law § 207-c, the petitioner appeals from a judgment of the Supreme Court, Westchester County (Leavitt, J.), entered May 23, 2001, which denied the petition, dismissed the proceeding, and confirmed the determination.

Ordered that the judgment is affirmed, with costs.

The petitioner, a police officer, injured his back moving a box of teletype machine paper refills with his foot while on duty as a dispatcher in the communications unit of the police station. He was performing the same tasks that would have been

performed by a civilian dispatcher in the absence of a police officer. After a hearing, his application for benefits pursuant to General Municipal Law § 207-c was denied by the Chief of the Police Department of the Town of Greenburgh. The petitioner challenges this determination as arbitrary and capricious.

"General Municipal Law § 207-c benefits were meant to fulfill a narrow and important purpose. The goal is to compensate specified municipal employees for injuries incurred in the performance of special work related to the nature of heightened risks and duties. These functions are keyed to 'the criminal justice process, including investigations, presentencing, criminal supervision, treatment and other preventative corrective services' " (*Matter of Balcerak v County of Nassau,* 94 NY2d 253, 259, quoting Senate Mem in Support, L 1997, ch 675, 1997 NY Legis Ann, at 458; *see Matter of White v County of Cortland,* 97 NY2d 336, 339). Since the type of special work in question was not involved here, the determination denying the petitioner benefits pursuant to General Municipal Law § 207-c was not arbitrary or capricious (*see Matter of Clements v Panzarella,* 297 AD2d 4; *Matter of Sills v Livingston,* 294 AD2d 922; *Matter of Sutherland v Village of Suffern,* 289 AD2d 582; *Matter of Ertner v County of Chenango,* 280 AD2d 851, 852). Santucci, J.P., Townes, Crane and Rivera, JJ., concur.