(December 30, 2002)

■ In the Matter of Loren S. James, Respondent, v County of Yates Sheriff's Department et al., Appellants. [752 NYS2d

513] —Appeal from a judgment (denominated order and judgment) of Supreme Court, Yates County (Bender, J.), entered October 23, 2001, which granted the CPLR article 78 petition seeking to compel payment of General Municipal Law § 207-c benefits.

It is hereby ordered that the judgment so appealed from be and the same hereby is reversed on the law without costs and the petition is dismissed.

Memorandum: Petitioner is employed as a deputy sheriff for respondent County of Yates Sheriff's Department. In January 2001, he sustained a back injury when he slipped on ice and/or snow and fell while performing a routine building check as part of his patrol duties. Respondents denied petitioner's application for benefits pursuant to General Municipal Law § 207-c, and petitioner commenced this CPLR article 78 proceeding seeking to compel the payment of those benefits. We agree with respondents that Supreme Court erred in granting the petition. Section 207-c benefits are available "for injuries incurred in the performance of special work related to the nature of heightened risks and duties" (*Matter of Balcerak v County of Nassau,* 94 NY2d 253, 259). Here, the routine building check by petitioner did not involve a heightened risk or duty entitling him to benefits under General Municipal Law § 207-c (*see Balcerak,* 94 NY2d at 259-260; *Matter of Stalter v Scarpato,* 297 AD2d 382; *Matter of Bonkoski v Village of Suffern,* 296 AD2d 404; *Matter of Sills v Livingston,* 294 AD2d 922; *Matter of Sutherland v Village of Suffern,* 289 AD2d 582, *lv denied* 97 NY2d 613; *Matter of Ertner v County of Chenango,* 280 AD2d 851).

All concur except Lawton, J., who dissents and votes to affirm in the following memorandum.

Lawton, J. (dissenting). I respectfully dissent. I agree with petitioner that *Matter of Balcerak v County of Nassau* (94 NY2d 253) stands only for the limited proposition that a determination by the Workers' Compensation Board that an injury is work-related does not per se entitle an injured employee to benefits under General Municipal Law § 207-c and that the Court's further statement in *Balcerak* (94 NY2d at 259) concerning the "heightened risks and duties" standard to be met before benefits may be awarded under section 207-c is merely dicta. Subsequent Appellate Division decisions have inconsistently applied that standard to different factual patterns (*see Matter of Clements v Panzarella,* 297 AD2d 4 [injuries sustained while removing police tape and while walking downstairs to the locker room at the police station were not

incurred as a result of heightened risks and duties to which police officers are exposed in the criminal justice process]; *Matter of Stalter v Scarpato*, 297 AD2d 382 [injuries sustained while removing cones from police vehicle and while stepping from rear of truck during routine commercial vehicle inspection were not incurred as a result of heightened risks and duties to which police officers are exposed in criminal justice process]; *Matter of Theroux v Reilly*, 297 AD2d 384 [injuries from doors and broken chair in correctional facility and eye injury sustained from accidentally walking into a television at a correctional facility were not incurred as a result of heightened risks and duties to which correction officers are exposed in the criminal justice process]; *Matter of Bonkoski v Village of Suffern*, 296 AD2d 404 [injury sustained by police officer while pushing disabled police vehicle was not incurred as a result of heightened risks and duties]; *Matter of Sills v Livingston*, 294 AD2d 922 [injury sustained by correction officer while dispensing soap in correctional facility was not incurred as a result of heightened risk or duty]; *Matter of Dobbertin v Town of Chester*, 292 AD2d 382, *lv denied* 98 NY2d 605 [injury sustained by police officer from fall on driveway covered with snow and ice while investigating report of possible intruder at a residence was incurred as a result of heightened risks and duties]; *Matter of Travison v County of Albany*, 291 AD2d 705, *lv denied* 98 NY2d 605 [injury from fall while conducting rounds to ensure that all inmates were secured in their cells in correctional facility was not incurred as a result of a heightened risk peculiar to the performance of the duties of the correction officer]; *Youngs v Village of Penn Yan*, 291 AD2d 852 [police officer's depression following disciplinary action was not incurred as a result of heightened risk peculiar to the performance of the duties of a police officer]; *Matter of Sutherland v Village of Suffern*, 289 AD2d 582, *lv denied* 97 NY2d 613 [police officer's injury from attempting to open door at station house was not incurred as a result of heightened risks and duties]; *Matter of Ertner v County of Chenango*, 280 AD2d 851 [injury from fall while going downstairs to inspect first-floor cells of the county jail was not incurred as a result of heightened risk peculiar to the performance of the duties of a correction officer]).

In my view, the majority erroneously concludes that the action of petitioner in performing a routine building check as part of his patrol duties did not involve a heightened risk or duty peculiar to the performance of his duties as a deputy sheriff. Rather, that is exactly the type of duty that exposes a deputy sheriff to a greater risk of injury than normally associated with employment other than that related to the criminal

justice process. The fact that petitioner was injured when he slipped on ice and/or snow while performing a routine building check as opposed to being shot or falling while chasing a suspect should not be dispositive of his right to recover benefits under General Municipal Law § 207-c. There is nothing routine about patrolling properties at night; that activity is peculiar to the work of a deputy sheriff (*see Matter of White v County of Cortland*, 97 NY2d 336, 340 ["(C)onsistent with a liberal reading of section 207-c, a qualified petitioner need only prove a direct causal relationship between job duties and the resulting illness or injury"]). The logical extension of the majority's reasoning is that a deputy sheriff on routine road patrol who is injured in an accident when his or her vehicle skids on ice would not be entitled to benefits unless the deputy sheriff was actually in the process of chasing a suspect. That reasoning does not, however, meet the requirement that, "as a remedial statute, section 207-c should be liberally construed in favor of the injured employees the statute was designed to protect" (*id.* at 339). Consequently, I would affirm (*see Dobbertin*, 292 AD2d at 383). Present—Pigott, Jr., P.J., Hayes, Kehoe, Burns and Lawton, JJ.