■ In the Matter of WILLIAM SCHAFER et al., Respondents, v EDWARD REILLY et al., Appellants. [754 NYS2d 568] —In a proceeding pursuant to CPLR article 78 to review two determinations of the Nassau County Sheriff's Department, dated September 1, 2000, and September 6, 2000, respectively, denying the petitioners benefits pursuant to General Municipal Law § 207-c, the appeal is from a judgment of the Supreme Court, Nassau County (Davis, J.), entered September 17, 2001, which granted the petition, annulled the determinations, and directed the Nassau County Sheriff's Department to pay General Municipal Law § 207-c benefits to the petitioners.

Ordered that the judgment is reversed, on the law, with costs, the determinations are confirmed, the petition is denied, and the proceeding is dismissed on the merits.

The petitioners, Correction Officers William Schafer and Edward Vega, commenced this proceeding pursuant to CPLR 7803 (3) to review two determinations of the respondent Nassau County Sheriff's Department denying them benefits pursuant to General Municipal Law § 207-c for injuries sustained while on duty. The Supreme Court granted the petition, annulled the determinations, and directed the Nassau County Sheriff's Department to pay General Municipal Law § 207-c benefits to the petitioners. For the reasons discussed in *Matter of Clements v Panzarella* (297 AD2d 4), the judgment must be reversed.

In support of the petition, Schafer and Vega failed to demonstrate that their respective injuries were incurred in the performance of special work related to the nature of heightened risks and duties to which police officers are exposed in the criminal justice process and that, therefore, their injuries were

compensable under the narrow coverage provided by General Municipal Law § 207-c (*see Matter of Balcerak v County of Nassau,* 94 NY2d 253; *Matter of Clements v Panzarella, supra*). Schafer injured his back when an automatic sliding door pinned him to the door jamb as he walked from one building to another. Vega injured his head when he accidently walked into a television hanging from the ceiling after responding to a yelling inmate while on routine patrol. Thus, the denials of General Municipal Law § 207-c benefits were not arbitrary or capricious, an abuse of discretion, or affected by an error of law. Prudenti, P.J., Ritter, Luciano and H. Miller, JJ., concur.