■ In the Matter of DANIEL GALLANTE et al., Appellants, v EDWARD REILLY et al., Respondents. [756 NYS2d 437] —In a proceeding pursuant to CPLR article 78 to review six determinations of the Nassau County Sheriff's Department dated May 25, 2001, May 29, 2001, June 11, 2001, June 11, 2001, June 27, 2001, and August 3, 2001, respectively, denying the petitioners benefits pursuant to General Municipal Law § 207-c, the petitioners appeal from a judgment of the Supreme Court, Nassau County (Burke, J.), dated February 22, 2002, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

The petitioners failed to demonstrate that their respective injuries were incurred in the performance of special work related to the nature of heightened risks and duties to which correction officers are exposed in the criminal justice process, and that such injuries are compensable under General Municipal Law § 207-c (*see Matter of Balcerak v County of Nassau,* 94 NY2d 253 [1999]; *Matter of Wagman v Kapica,* 300 AD2d 406 [2002]; *Matter of Clements v Panzarella,* 297 AD2d 4 [2002]; *Matter of Theroux v Reilly,* 297 AD2d 384 [2002], *lv granted* 99 NY2d 503 [2002]; *Youngs v Village of Penn Yan,* 291 AD2d 852 [2002]; *Matter of Travison v County of Albany,* 291 AD2d 705 [2002]; *Matter of Sutherland v Village of Suffern,* 289 AD2d 582 [2001]; *Matter of Ertner v County of Chenango,* 280 AD2d 851 [2001]; *cf. Matter of Dobbertin v Town of Chester,* 292 AD2d 382 [2002]). Accordingly, the Nassau County Sheriff's Department had a rational basis to deny benefits under General Municipal Law § 207-c to each of the petitioners. Prudenti, P.J., Krausman, Goldstein and Schmidt, JJ., concur.