Thomas G. Leone, Esq. Informal Opinion Corporation Counsel No. 2003-11 City of Auburn Memorial City Hall 24 South Street Auburn, New York 13021-3832
Dear Mr. Leone:
You have requested an opinion as to whether off-duty police officers who work as security officers for a recreation center owned and operated by the City are eligible for benefits pursuant to General Municipal Law § 207-c if they are injured while performing their security work. For the reasons discussed below, we are of the opinion that they generally are not.
You have explained that the police officers who provide security at the recreation center were not recruited for the security work because they were police officers, but instead responded to an opportunity for off-duty employment offered generally to City employees. You have indicated that the police officers are paid as independent contractors, with a check separate from the paycheck they receive as police officers. You further stated that City police officers are required to carry their city-issued guns and their police badges while off-duty, and, as a result of this policy, the police officers have their firearms and their badges with them while providing security at the City recreation center.
Analysis
Pursuant to General Municipal Law § 207-c,
 any member of a police force of any . . . city of less than one million population . . . who is injured in the performance of his duties or who is taken sick as a result of the performance of his duties so as to necessitate medical or other lawful remedial treatment shall be paid by the municipality by which he is employed the full amount of his regular salary or wages until his disability arising therefrom has ceased, and, in addition such municipality shall be liable for all medical treatment and hospital care necessitated by reason of such injury or illness.
Gen. Mun. Law § 207-c(1). City police officers are authorized to accept employment in addition to their police work,[1]
Gen. Mun. Law § 208-d, and the question you pose concerns whether the benefits provided under section 207-c are available for injury sustained during such extra employment.
We previously concluded that an off-duty city police officer would not be eligible for section 207-c benefits if he was injured while providing security for a private employer who leased city property. Op. Att'y Gen. (Inf.) No. 81-52. We so concluded because, while section 207-c provides benefits to a police officer who is injured or becomes sick as a result of "the performance of his duties," a police officer working as a security guard for a private employer would not be "`performing the duties' of a police officer." Id. Similarly, under the facts you have described, we are of the opinion that the police officers hired as security guards for the City recreation center are generally not performing police duties that would make them eligible for section 207-c benefits.
The Court of Appeals has indicated that section 207-c benefits are available for injuries or illnesses incurred only while performing certain police duties. In In re Balcerak v. Nassau County, 94 N.Y.2d 253
(1999), the Court concluded that section 207-c authorizes the provision of benefits only in a narrow set of circumstances:
 It is evident that General Municipal Law § 207-c benefits were meant to fulfill a narrow and important purpose. The goal is to compensate specified municipal employees for injuries incurred in the performance of special work related to the nature of heightened risks and duties. These functions are keyed to "the criminal justice process, including investigations, presentencing, criminal supervision, treatment and other preventative corrective services."
Id. at 258 (emphasis added) (citation omitted)[2]. Applying the Court's analysis, state appellate courts have upheld determinations by lower courts that individuals listed in section 207-c were not eligible for section 207-c[3] benefits because their injuries were not incurred "in the performance of special work related to the nature of heightened risks and duties." See, e.g., In re Schafer v. Reilly, 302 A.D.2d 394 (2d Dep't 2003) (correction officers injured when pinned by sliding door while walking between buildings and from walking into a television while on routine patrol); In re Sills v. Livingston, 294 A.D.2d 922 (4th Dep't 2002) (correction officer injured while dispensing soap). We believe that a police officer providing security in the circumstances you describe would generally not be performing the duties required of him by virtue of his employment as a City police officer, let alone be performing the "special work related to the heightened risks and duties" that would qualify him for section 207-c benefits.
As security guards, off-duty police officers have responsibilities different from those they shoulder when they serve the City in their capacity as police officers. As security guards, their responsibility is to protect the interests of the City as operator of the municipal recreation center. These responsibilities are very different from those imposed while on duty as police officers, which include preserving the peace and protecting the lives and property of citizens. See People v.Peters, 18 N.Y.2d 238 (1966), aff'd sub nom. Sibron v. New York,392 U.S. 40 (1968). This distinction is confirmed by the fact, as you indicated, that security officers for the City's recreation center need not also be police officers.
Our conclusion that the police officer working as a security guard is serving in a different capacity in that role as opposed to his police officer role is further supported by the method of payment for his services in either role. As a police officer, he receives a regular paycheck, with income tax withheld; as a security guard, he submits a claim to the City for payment, whereupon he receives a check for the time he worked, with no tax withheld.
We recognize that a police officer does not set aside his responsibility to preserve the peace and to protect lives and property while he is off-duty. See People v. Peters, 18 N.Y.2d 238, 243 (1966), aff'd subnom. Sibron v. New York, 392 U.S. 40 (1968). Further, you have indicated that City police officers are required to carry their firearms and badges while off-duty. For these reasons, we can envision a circumstance where a police officer could be eligible for section 207-c benefits for an injury incurred while on duty as a security officer. See Op. Att'y Gen. (Inf.) No. 81-52 (hypothesizing that a police officer working as a security officer for a private employer who sees an individual known to be subject to arrest under warrant and who is injured while arresting the individual might be eligible for section 207-c benefits); cf. In re DeBoer v.Hynes, 287 A.D.2d 626 (2d Dep't 2001) (police officer eligible for section 207-c benefits for injuries incurred while making off-duty arrest). Such coverage would, however, be as a result of the performance of his police duties while off-duty as a police officer, and not because he fulfilled his responsibilities to the City as operator of the recreation center while he was on duty as a security guard.
We are of the opinion, therefore, that a police officer who incurs an injury or illness while the police officer is working as a security guard to protect the interests of the City as operator of the recreation center will not be eligible for section 207-c benefits unless he is injured as a result of performing his "heightened risk" police duties.
The Attorney General renders formal opinions only to officers and departments of State government. This perforce is an informal and unofficial expression of the views of this office.
Very truly yours,
KATHRYN SHEINGOLD, Assistant Solicitor General
In Charge of Opinions
[1] A member of a police force of a city may engage in extra work for another employer outside his regular hours of duty for up to 20 hours a week. Gen. Mun. Law § 208-d. The additional work must not interfere with the police officer's regular duties as a member of the police force, nor may it affect his physical condition to the extent that it impairs his ability to perform his police duties. Id. The type of additional work must be approved by the police department or police commissioner. Id.
[2] Legislation has been introduced to provide that section 207-c benefits are not limited to injuries incurred in the performance of the "heightened risks and duties of employment." See New York Senate Bill 3904 (2003); New York Assembly Bill 4635 (2003).
[3] Section 207-c benefits may be provided to specified municipal employees, including "[a]ny sheriff, undersheriff, deputy sheriff or corrections officer of the sheriff's department of any county . . . or any member of a police force of any county, city of less than one million population, town or village, or of any district, agency, board, body or commission thereof, or a detective-investigator or any other investigator who is a police officer pursuant to the provisions of the criminal procedure law employed in the office of a district attorney of any county . . . ." Gen. Mun. Law § 207-c(1). Municipal security guards are not included in the list.