In the Matter of DANIEL GALLANTE et al., Appellants, v EDWARD REILLY et al., Respondents. [778 NYS2d 179]—

Motion by the appellants for leave to reargue an appeal from an order of the Supreme Court, Nassau County (Burke, J.), dated February 22, 2002, which denied the petition and dismissed the proceeding, which was determined by decision and order of this Court dated March 10, 2003 or, in the alternative, for leave to appeal to the Court of Appeals from the decision and order of this Court.

Ordered that the branch of the motion which is for leave to appeal to the Court of Appeals is denied; and it is further,

Ordered that the branch of the motion which is for leave to

reargue is granted, upon the consent of the respondents, upon the failure of the respondents to raise any issue as to the timeliness of the motion, and upon reargument, the decision and order of this Court dated March 10, 2003, *Matter of Gallante v Reilly* (303 AD2d 503 [2003])is recalled and vacated, and the following decision and order is substituted therefore:

In a proceeding pursuant to CPLR article 78 to review six determinations of the Nassau County Sheriff's Department dated May 25, 2001, May 29, 2001, June 11, 2001, June 11, 2001, June 27, 2001, and August 31, 2001, respectively, denying the petitioners benefits pursuant to General Municipal Law § 207-c, the petitioners appeal from a judgment of the Supreme Court, Nassau County (Burke, J.), dated February 22, 2002, which denied the petition and dismissed the proceeding.

Ordered that the judgment is reversed, on the law, with costs, and that the petition is granted to the extent that the determinations are annulled, and that the matters are remitted to the Nassau County Sheriff's Department for new determinations.

The petitioners' requests for benefits under General Municipal Law § 207-c were denied because the injuries they incurred did not result from any heightened risk associated with their duties as correction officers. Those determinations were arbitrary and illegal, as it was not necessary for the petitioners to demonstrate that any such heightened risk was a critical factor in the occurrence of the accident (*see Matter of Theroux v Reilly,* 1 NY3d 232 [2003]).

However, the petitioners were still required to demonstrate that there was a "direct causal relationship between job duties and the resulting illness or inju[ries]" (*Matter of Theroux v Reilly, supra* at 244, quoting *Matter of White v County of Cortland,* 97 NY2d 336, 340 [2002]; *see also Matter of Casselman v Village of Lowville,* 2 AD3d 1281 [2003]). In light of the significant body of recent Appellate Division case law that was overruled as a result of the Court of Appeals decision in *Matter of Theroux v Reilly* (*supra,* overruling *Matter of Wagman v Kapica,* 300 AD2d 406 [2002]; *Matter of Clements v Panzarella,* 297 AD2d 4 [2002]; *Youngs v Village of Penn Yan,* 291 AD2d 852 [2002]; *Matter of Travison v County of Albany,* 291 AD2d 705 [2002]; *Matter of Sutherland v Village of Suffern,* 289 AD2d 582 [2001]), the respondent Nassau County Sheriff's Department should be afforded an opportunity to review the petitioners' applications for benefits under General Municipal Law § 207-c in accordance with the new standard announced by the Court of Appeals in *Matter of Theroux v Reilly* (*supra*). Prudenti, P.J., Krausman, Goldstein and Schmidt, JJ., concur.